**H. L. MURPHY, Jr., Appellant,**

v.

**Edward R. TORSTRICK, Appellee.**

Court of Appeals of Kentucky.

Jan. 31, 1958.

Wyatt, Grafton & Grafton, Robert L. Sloss, Edgar A. Zingman, Louisville, for appellant.

McElwain, Dinning, Clarke & Winstead, Oldham Clarke, Louisville, for appellee.

CAMMACK, Judge.

This action was instituted in September, 1954, by the appellant, H. L. Murphy, Jr., under CR 57 for a judgment and declaration of rights on a contract to construct a building for a bowling alley claimed to have been made between the appellant and the appellee, Edward R. Torstrick. This appeal is from a judgment dismissing the complaint after a full hearing before the trial court.

The appellant contends the judgment should be reversed because (1) mistake was neither pleaded nor proved by the appellee and parol evidence was, therefore, inadmissible; (2) the appellee is liable since the alleged mistake was one of law; (3) rescission should not be allowed under the applicable facts and law; (4) oral conditions (appellee's obtaining financing for construction) actually occurred and thus are irrelevant; (5) the writing and plans were sufficiently definite to constitute a binding contract; and (6) on appeal equity cases are heard *de novo* and this record raises more than a doubt as to the trial court's findings.

The appellee contends that (1) parol evidence is always admissible to show that the parties did not intend a writing to be a binding contract; and (2) the writing in this case was not executed and delivered as a contract.

This is the writing in question:

"Okolona Lumber Company
"Preston Highway
"Route 4, Box 485
"Louisville, Kentucky
"April 22, 1954
"Louisville, Ky.
"Contract between H. L. Murphy, Jr. (Contractor) and
Mr. Ed. R. Torstrick (Owner)
"This contract in the amount of $75,685.00 covers the construction of a concrete block building as per plans and specifications. The building will be complete ready for bowling alleys and other equipment which will be furnished by the Owner.
"Construction to be completed within 120 days from starting date.
"H. L. Murphy, Jr.
"Edw. R. Torstrick"

Murphy and Torstrick met through a Louisville real estate agent, Andrew Stallard, who had been contacted by Torstrick concerning construction of a bowling alley in Louisville. Several days after the introduction in April, 1954, Torstrick, pursuant to his request, was furnished with a typewritten construction bid for the building in the amount of $78,242 by Murphy. Torstrick thought the amount was too high and again contacted Murphy. At that time Torstrick asked for a lower job price, a detailed set of plans and specifications, and a contract which, he said, would enable him to obtain financing. Torstrick stated that he asked for a "certified bid" rather than a contract, but evidently the building trade does not recognize such a bid. Murphy made pencilled changes on the original bid. He crossed out the word "bid" and inserted the word "contract," then circled "$78,242.00" and made the notation "cut price." Murphy also prepared plans, using for reference a set of plans furnished by Mr. Torstrick. Murphy charged $135 for this service, stating that the charge would be deducted from the contract price.

Several days later the parties met at the Marr Blueprinting Company where the plans prepared by Murphy were being reproduced. At that time Torstrick obtained several copies of the blueprints and the parties signed the writing in question. There is evidence to the effect that Murphy then understood that Torstrick intended to receive more bids on the job. Torstrick admits reading the paper before signing it but claims that he understood it to be substantially the same type of writing as the bid previously prepared by Murphy. Torstrick did not sign any bids from other construction contractors. Aside from the contract under which the building was eventually constructed, this is the only writing of this character signed by Torstrick. The plans under which the building was constructed, though more detailed, were substantially the same as the plans prepared by Murphy.

On June 28th, more than two months after the writing in controversy was signed, Torstrick called on Murphy to get the original plans. He told Murphy that he had a lower bid and Murphy did not indicate that he thought it was too late for Torstrick to be considering other bids, though he did attempt to explain that he thought Torstrick was referring to bids obtained about the time he first submitted his.

The appellant argues that parol evidence concerning the circumstances surrounding the signing of the writing in dispute was inadmissible since mistake was not pleaded. It is true that the word "mistake" does not appear in the appellee's answer; however, he does say that " * * * at all times both before and contemporaneously with the making of said writng it was orally agreed between the parties hereto that said writing was not executed or delivered as a contract." Failure to use the word "mistake" in a pleading does not deprive the pleader of the right to rely on mistake when the sense of the language in the pleading encompasses mistake. In his

answer the appellee stated with particularity circumstances constituting mistake as required by CR 9.02, and the language used alleged mistake within the meaning of CR 8.03. All pleadings are construed so as to do substantial justice. CR 8.05.

The appellant argues that the cases of M. R. Kopmeyer v. Barnes, Ky., 276 S.W.2d 21; Ross Seed Co. v. Sturgis Implement & Hardware Co., 297 Ky. 776, 181 S.W.2d 426; and Haynes v. Froelich, Ky., 273 S.W.2d 379, support his contention that parol evidence is inadmissible here. We believe the facts of the case at hand differ sufficiently to eliminate it from the rules laid down in the cited cases. In the Haynes case evidence that a note was executed as a favor was disallowed under a plea of no consideration where several payments had been made on the note. In the other two cases evidence of oral agreements varying the terms of written contracts was held incompetent in the absence of a plea of mistake. In all three cases contracts were shown to exist. In the instant case the answer states that the writing was never executed and delivered as a contract. When the issue is "Have the parties made a contract?" any competent evidence is admissible. Corbin on Contracts, Vol. 3, section 573, p. 216. See also Cumnock-Reed Co. v. Lewis, 278 Ky. 496, 128 S.W.2d 926.

The appellant urges that, even if parol evidence were admissible, the appellee is not entitled to relief because the alleged mistake was one of law. A mistake, in order that it may affect a contract, must be a mistake of fact. A mistake of law will not affect enforceability. Sadler v. Carpenter, Ky., 251 S.W.2d 840. See also 17 C.J.S. Contracts § 145(a), p. 500. It is our view that a mutual mistake as to the type of instrument executed constitutes a mistake of fact. We believe that both parties thought that the writing was in accord with their oral agreement. There

is evidence to support the finding that their agreement was for Murphy to furnish Torstrick with a "contract" or "certified bid" (the terminology is immaterial) which would enable him to secure a loan and that neither party intended the writing to be a contract for the construction of a building. Under the circumstances the mistaken document was not enforceable. Corbin on Contracts, Vol. 3, section 608, p. 430.

The appellant argues further that the mistake, if it occurred, was on the part of Torstrick only, and that under the applicable law he is not entitled to rescission. One who can read and has an opportunity to read a contract he signs must stand by the words of his contract. Sears Roebuck & Co. v. Lea, 6 Cir., 1952, 198 F.2d 1012. The cited law applies to unilateral mistakes. Here the trial court found by testimony he considered to be convincing that there was a mutual mistake and that both parties treated the writing as a bid rather than a contract. It followed that there was no contract to rescind and a request for rescission was not necessary.

Since we are holding that the writing in question was neither executed nor delivered as a binding building contract, it is unnecessary to discuss the alleged occurrence of oral conditions (appellee's obtaining financing for the construction) or whether the writing was sufficiently definite to constitute a binding contract.

Lastly, the appellant argues that we hear equity cases de novo and since the record raises more than a doubt as to the trial court's findings the judgment based thereon should be reversed. We will not set aside a trial court's finding of fact unless it is clearly erroneous. CR 52.01. We cannot say that the judgment in this case is based upon findings which are clearly erroneous.

Judgment affirmed.