Lonny JOHNSON, Administrator of the Estate of James M. Johnson, Deceased, D. R. Holley, and W. S. Jett, Jr., Appellants,

v.

A. J. DALTON, Appellee.

Court of Appeals of Kentucky.

Nov. 21, 1958.

O. T. Hinton, F. M. Burke, Pikeville, for appellants.

J. E. Sanders, Pikeville, Bert T. Combs, Prestonsburg, John Y. Brown, Lexington, for appellee.

CLAY, Commissioner.

This is an action for $283,000 damages for breach of a contract to strip mine coal. It was tried by the court without a jury and plaintiff appellants were awarded approximately $8,000. They appeal on the ground that the court erroneously found the contract had been mutually rescinded about two months after it became effective. Defendant appellee cross-appeals on the ground that no binding contract to strip mine coal at any time existed between the parties.

In 1946 plaintiffs had obtained leases on coal lands. In June of that year by written contract one John Gabor agreed to strip mine the coal on one of the leases and was to produce a minimum of 750 tons per day. Gabor operated under this contract until December 4, 1956. Though he did not produce the required minimum of coal, the operation was profitable to the plaintiffs.

On December 4 Gabor executed a written assignment of his interest in this contract to defendant. The assignment, brief in form, was accepted in writing by defendant. Plaintiffs also signed the instrument, consenting to the assignment and releasing Gabor absolutely from liability under the original contract.

After this assignment no further stripping was done. According to the plaintiffs, the defendant for two months continually assured them that he was obtaining personnel and equipment to perform the contract. According to defendant he had no intention or obligation to perform.

This brings us to the crux of the case. It is the contention of defendant that he had a collateral agreement with the plaintiffs to obtain this assignment from Gabor as their agent, and also to help plaintiffs obtain strippers to work directly for the plaintiffs. He claims the parties never intended that he should perform the contract which was the subject of the assignment.

We are immediately confronted with the application of the so-called "parol evidence rule". It is contended by plaintiffs, and the trial court decided, that defendant's parol evidence of the understanding between the parties contradicted or varied the terms of the written assignment, and consequently was inadmissible. On this theory the trial court held defendant bound by the writing to perform according to its terms.

An accurate statement of the "parol evidence rule" is as follows:

"When two parties have made a contract and have expressed it in writing to which they have both assented as the complete and accurate integration of that contract, evidence, whether parol or otherwise, of antecedent understandings and negotiations will not be admitted for the purpose of varying or contradicting the writing."

Corbin on Contracts, Section 573 (page 215).

■■ The difficulty is presented when it is claimed, as here, that the parties *did not assent to the writing as a complete and accurate integration of their contractual relations*. While the writing itself constitutes impressive evidence that it incorporates the final and only agreement of the parties, it is an accepted doctrine that extrinsic evidence may be admissible to avoid the apparent agreement. For example, a party may generally introduce extrinsic evidence of illegality, fraud, duress, mistake, or failure of consideration.

See Restatement, Contracts, Section 238. Also a party may show a condition precedent to the taking effect of the contract. Long v. Jones, Ky., 319 S.W.2d 292.

■ In a broad sense it is varying or contradicting the terms of a written contract when one party undertakes to prove that there was no binding agreement at all, but this is a well recognized exception or qualification of the "parol evidence rule". As stated in In re Hicks & Son, 2 Cir., 82 F.2d 277, 279:

"It is well settled that whatever the formal documentary evidence, the parties to a legal transaction may always show that they understood a purported contract not to bind them; * * *. It is no objection that such an understanding contradicts the writing; *a writing is conclusive only so far as the parties intend it to be the authoritative memorial of the transaction*. Whatever the presumptions, their actual understanding may always be shown except insofar as expressly or implicitly they have agreed that the writing alone shall control." (Our emphasis.)

In the recent case of Murphy v. Torstrick, Ky., 309 S.W.2d 767, we held it proper to introduce parol evidence to show that what appeared on its face to be a binding written contract was in fact intended by the parties only as a bid.

■ There is a class of contracts known as "sham" writings which may be attacked by extrinsic evidence to show that the purported agreement was not intended to be binding on the parties. It has been said:

"Where the writing is executed and delivered as a sham, either in jest or for the purpose of concealing the real transaction from others, it obviously is not adopted as the final and complete expression of the real agreement. What purports to be an integration of a contract is by agreement

of the parties never to be or become a contract; its execution and delivery are subject to the condition that it is never · to have effect as a binding agreement. The great majority of the cases hold such an oral understanding of the parties to be valid and the writing to have no effect."

Morgan, Basic Problems of Evidence, Vol. 2, American Law· Institute (March, 1954).

■ We believe the parol evidence that defendant wishes to introduce in the present case falls within this category. He takes the position that the sole purpose of this assignment writing was to terminate Gabor's interest in the stripping contract (which it did), and that his assumption of the contract was a mere matter of form. Defendant claims that his taking the assignment made it easier for plaintiffs to get rid of Gabor and saved them a substantial amount of money.

In principle the question we have before us is the same as that presented in Cumnock-Reed . Company v. Lewis, 278 Ky. 496, 128 S.W.2d 926. In that case the plaintiff worked for the defendant as an employee, with a fixed salary. He entered into a written agreement with defendant which clearly changed his status to that of independent contractor. When plaintiff sued the defendant for past due salary, he was confronted with this written contract. We held it proper for the plaintiff to introduce parol evidence that the written contract was executed to enable the defendant to avoid the payment of workmen's compensation, and that it was never intended to become effective as a binding obligation upon either party.

■ Plaintiffs contend that the rule recognized in the Lewis case, just cited, may be invoked only when a party claims there was no contract at all. They point out that in the present case this assignment was a binding agreement between the plaintiffs and Gabor, and that to excuse the third party, the defendant, from per-

formance would be changing the terms of an agreement which admittedly is legally effective between some of the parties thereto. We do not think this factor affects· the applicable principle. The obligations of the parties are severable, and in this case our attention is directed to the existence of an enforceable legal agreement only as between the plaintiffs and the defendant. The latter says that this writing was not intended to and did not create any legal obligation as between himself and the plaintiffs. We are of the opinion that the court erroneously held inadmissible evidence relative to the ineffectiveness of the written assignment as to him.

■ We believe it proper to state here that our ruling on this point in no way reflects an opinion as to the credibility of defendant's evidence. In this record there are some circumstances which support defendant's contention, but on the other hand, the writing itself and other factors· raise a serious factual issue as to whether or not this written assignment did constitute the true agreement between the parties. This issue has not been but should be decided by the trial court.·

The trial court, after excluding defendant's extrinsic evidence as a violation of the parol evidence rule and enforcing the contract as written, determined that the contract had been rescinded some two months after it had been executed. The question of rescission may or may not be important upon a rehearing of this controversy. For that reason we will not undertake to decide whether or not the . assignment, if representing the true agreement of the parties, was mutually rescinded. A decision on this question is expressly reserved in the event it may be decided by the trial court and again presented to us.

The judgment is reversed, with directions to retry, on the present record and such additional evidence as may be necessary and relevant, all the issues in this controversy in the light of our ruling on the admissibility of evidence.