Dan LONG, Appellant,

v.

Mrs. J. B. JONES, Jr., Appellee.

Court of Appeals of Kentucky.

Nov. 21, 1958.

Rehearing Denied Jan. 23, 1959.

Weldon Shouse, Shouse, Barker & Coplin, Lexington, for appellant.

Denney & Landrum, Lexington, for appellee.

MILLIKEN, Judge.

This case is before us on motion for an appeal under KRS 21.080. The appellee, Mrs. Jones, recovered a judgment of $800, with interest, covering the down payment made by her on the proposed purchase of a house from the appellant, Dan Long, in Lexington. A written contract covering the terms of the proposed purchase was signed by her and by the vendor through his agent, and the $800 down payment was referred to therein "as evidence of good faith to

bind this contract" and it was "to be applied on the purchase price upon passing of deed, or refunded, should title prove not merchantable, or acceptable, or if this offer is not accepted."

 As an explanation of her failure to go through with the purchase within the terms of the agreement, Mrs. Jones testified that at the time she signed the printed contract form and made the $800 down payment it was understood between her and the agent of the appellant-seller that she could not complete the proposed purchase within the time allotted unless she sold her home in Flemingsburg, and the trial court accordingly instructed the jury to find for Mrs. Jones if they believed what she said. It was proper for such testimony to be admitted for the consideration of the jury, not for the purpose of varying the terms of a written agreement, but on the issue of whether a contract in fact existed. As stated in 32 C.J.S. Evidence § 935, page 857:

> "In general, parol evidence is admissible to show conditions precedent, which relate to the existence of a valid contract, but is not admissible to show conditions subsequent, which provide for the nullification or modification of an existing contract."

As summarized in 46 Am.Jur., Sales, Section 283, page 467:

> "Evidence is generally held admissible to show that the parties made an agreement before or at the time they entered into a written contract of sale that such contract of sale should become binding only on the happening of a certain condition or contingency, the theory being that such evidence merely goes to show that the writing never became operative as a valid agreement and that there is therefore no variance or contradiction of a valid written instrument."

To the same effect, see 9 Wigmore on Evidence, Section 2410; Restatement of the Law of Contracts, Section 241. For a well-considered case strikingly similar to the case at bar, see Allen v. Marciano, 1951, 79 R.I. 98, 84 A.2d 425. For Kentucky cases recognizing the principle, see Struck v. Dralle, 230 Ky. 393, 20 S.W.2d 88, and Johnson v. Dalton, Ky., 318 S.W.2d 415.

We have not discussed in this opinion the question pertaining to rescission of the agreement and other points raised in briefs of counsel because of our conclusion that the case at bar was properly submitted to the jury on the theory herein discussed, and that the jury verdict and judgment entered thereon afford substantial justice to the litigants.

The motion for an appeal is overruled, and the judgment is affirmed.