GENE BAKER MOTOR COMPANY, Inc.,
et al., Appellants,

v.

Leila Gross BAKER, Administratrix of the Estate of Paul Baker, Deceased, Appellee.

Court of Appeals of Kentucky.

Oct. 14, 1960.

Maxwell P. Barret, Hazard, for appellants.

Don A. Ward, S. M. Ward, Hazard, for appellee.

## MONTGOMERY, Judge.

Leila Gross Baker, as the administratrix of the estate of Paul Baker, deceased, sued to recover twenty-five per cent, or two hundred and seventy-five shares, of the common stock of Gene Baker Motor Company, Inc., from Grace Baker Burke. From a judgment ordering her to transfer and deliver to appellee twenty-two shares of said stock of the estimated value of $2,200, the motor company and Grace Baker Burke have moved for an appeal.

It is alleged in the complaint that Grace Baker Burke, by a written contract, sold and agreed to transfer to Paul Baker, now deceased, twenty-five per cent of the common stock of the motor company. The alleged contract was filed with the complaint. By answer, appellants denied the alleged sale and pleaded that the writing had not been delivered to Paul Baker and that the writing was not to become effective except on approval of the Ford Motor Company, which had refused to approve it.

To sustain the allegations of the complaint, the Clerk of the Perry Circuit Court was introduced. She, over objection, identified the written instrument as having been filed with the complaint and was permitted to read the instrument together with a certification showing its recordation in the Perry County Court Clerk's office. Appellant Burke testified as if on cross-examination that the stock had not been transferred. She, under examination by her counsel, stated that Paul Baker was dead and had never paid anything for the stock. Appellee closed her case at this point, and appellants' motion for a peremptory instruction was overruled.

In defense, I. F. Burke, husband of Grace Baker Burke, testified that he was neither an officer, nor employee, nor stockholder of the motor company; that he was acquainted with the transaction; that no money or other consideration passed from Paul Baker to Mrs. Burke for the stock; that four copies of the written instrument were made; that one copy was given to a representative of Ford Motor Company for his consideration and the other three copies were placed in the safe at the motor company; that Paul Baker, as an officer of the company, had access to the safe; that by agreement of Mrs. Burke and Paul Baker the instrument was not to become effective until approved by Ford Motor Company; and that Ford Motor Company had refused to approve the instrument. He also testified that the purported contract was never delivered to Mrs. Burke or Paul Baker. In effect, appellee, by her brief, concedes the competency of the testimony of I. F. Burke.

At the conclusion of all of the testimony, appellants renewed their motion for a directed verdict which again was overruled, as was their motion for a judgment notwithstanding the verdict.

The uncontradicted evidence introduced on behalf of appellants established that the alleged contract was never delivered and that it was to have become effective only upon the approval of Ford Motor Company, which was not given. There was a com-

plete failure of competent evidence to show that appellee's decedent ever had a binding contract. Appellants' motions for directed verdict and for judgment notwithstanding the verdict should have been sustained. Cumnock-Reed Co. v. Lewis, 278 Ky. 496, 128 S.W.2d 926; Murphy v. Torstrick, Ky., 309 S.W.2d 767; Johnson v. Dalton, Ky., 318 S.W.2d 415; and Long v. Jones, Ky., 319 S.W.2d 292.

The motion for an appeal is sustained. The judgment is reversed with direction to enter judgment for the appellant.