**KFC CORPORATION, Plaintiff,**

v.

**DARSAM CORPORATION, et al., Defendants.**

No. C 81–0778–L(B).

United States District Court, W. D. Kentucky, Louisville Division.

June 7, 1982.

Richard A. Getty, James R. Cox, Greenebaum, Doll & McDonald, Steve B. Early, Louisville, Ky., for plaintiff.

Grant M. Helman, Helman, Victor & Davis, Louisville, Ky., for defendants.

## MEMORANDUM

BALLANTINE, District Judge.

Plaintiff, Kentucky Fried Chicken Corporation, filed a complaint in this Court seeking enforcement of an agreement which terminated a franchise it entered with defendants in 1975. The defendants, all from Arizona, answered by local counsel. The answer disputed the venue of the action and presented a counterclaim for breach of the original franchise agreement. Plaintiff has filed a reply to the counterclaim and a motion for summary judgment. Defendants have replied to that motion.

■ We will first consider the question of venue. The termination agreement, dated November 20, 1981, provides in part that, "Should any action at law or in equity be brought by KFC to secure or protect its rights under this Agreement, such action shall be brought in the United States District Court for the Western District of Kentucky. . . ." The agreement also provides that it is to be governed by, and interpreted under, Kentucky law. We are of the opinion that these provisions are binding on the parties. The current view on such clauses is that they are binding upon the parties unless they are clearly unreasonable or un-

just. *In Re Fireman's Fund Ins. Companies, Inc.*, 588 F.2d 93 (5th Cir. 1979); *Dick Proctor Imports, Inc. v. Sumitomo Corp.*, 486 F.Supp. 815 (E.D.Mo.1980). The only complaint the defendants make is that this would be an inconvenient forum. Arizona would obviously be as inconvenient for the plaintiff. Defendants either were or should have been aware of this fact when they entered the agreement. We also see no reason why the choice of Kentucky law should not be honored, *Andrews v. Deering Milliken, Inc.*, 382 F.2d 799, 803 (6th Cir. 1967), and, while we are confident that the Arizona courts could apply Kentucky law as well as we, we are likely somewhat more familiar with it than they. Therefore, we will not order the case transferred to Arizona.

Instead, we will consider plaintiff's motion for summary judgment. In this motion, plaintiff argues that the termination agreement is complete on its face and, by its terms, extinguished all obligations of the parties except those contained within its four corners. Pertinent portions of the termination agreement provide:

1. The Franchise agreement between the parties . . . is hereby terminated as of November 20, 1981.

3. KFC and Franchisee, with the intention of binding themselves, . . . do hereby expressly release and discharge each other . . . from all claims, demands, actions, judgments and executions . . . which the undersigned ever had, or now has, or may have, or claim to have against each other . . . relating to that certain Franchise agreement described in Paragraph I (sic) above or arising out of the franchisor-franchisee relationship generally . . . . KFC and Franchisee have voluntarily and knowingly executed this Mutual Release with the express intention of effecting the extinguishment of obligations, as herein designated.

8. This agreement supersedes any and all other oral or written agreements between the parties hereto with respect to the outlet which is the subject matter hereof and contains all the covenants and

agreements between the said parties with respect to said matter. Franchisee acknowledges that neither KFC nor anyone on behalf of KFC has made any representations, inducements, promises or agreements, orally or otherwise, respecting the subject matter of this agreement or respecting any other subject matter, which are not embodied herein.

Plaintiff urges us to disregard the evidence presented by defendants which seeks to establish a separate set of oral understandings. KFC argues that Section 8 of the agreement makes it an integrated document which cannot be varied by parol evidence.

As noted by the Kentucky Court of Appeals in *Johnson v. Dalton*, Ky., 318 S.W.2d 415, 417 (1958),

An accurate statement of the "parol evidence rule" is as follows:

"When two parties have made a contract and have expressed it in writing to which they have both assented as the complete and accurate integration of that contract, evidence, whether parol or otherwise, of antecedent understandings and negotiations will not be admitted for the purpose of varying or contradicting the writing."

Corbin on Contracts, Section 573 (page 215).

The difficulty is presented when it is claimed as here, that the parties *did not assent to the writing as a complete and accurate integration of their contractual relations.* While the writing itself constitutes impressive evidence that it incorporates the final and only agreement of the parties, it is an accepted doctrine that extrinsic evidence may be admissable to avoid the apparent agreement. * * * Also a party may show a condition precedent to the taking effect of the contract. *Long v. Jones*, Ky., 319 S.W.2d 292.

In a broad sense it is varying or contradicting the terms of a written contract when one party undertakes to prove that there was no binding agreement at all, but this is a well recognized exception or qualification of the "parol evidence rule".

Another exception to the rule appears in the case of *Anderson v. Britt*, Ky., 375 S.W.2d 258, 261 (1963).

As for the admissibility of parol evidence . . . , this court has long taken the position that while parol evidence may not be admissible to contradict or vary provisions of a writing, the law is clear that where the contract is silent, or where the entire agreement is not reduced to writing and the parol evidence is only to supply the unwritten agreement, it is admissible. *Ford v. Hurt*, Ky., 265 S.W.2d 475; *Reynolds Metals Co. v. Barker*, Ky., 256 S.W.2d 17; and *Rudd-Melikian, Inc. v. Merritt*, 6 Cir., 282 F.2d 924.

■ It thus appears that there are three primary exceptions to the rule: that the evidence will show the contract subject to a condition precedent which did not occur, that the evidence provides an additional portion of a contract which existed alongside the writing, or that the evidence provides a term on which the contract is silent. Defendant cites each exception in his argument.

■ We have no difficulty with the third argument: that the alleged agreement as to assignment of the franchise merely supplies a term about which the contract is silent. If the agreement has any effect at all, it precludes assignment of the franchise agreement because the first thing the writing purports to accomplish is the termination of the very franchise agreement the defendants tried to assign. If the termination agreement is valid, there is by its terms nothing to assign.

■ We are also of the opinion that both of defendants' other arguments must fail. The merger or integration clause of the document specifically provides that the agreement is complete, that there are no other agreements, and that KFC has made no other representations, orally or otherwise. No Kentucky cases have been found which discuss the efficacy of such clauses but there is considerable authority from federal courts applying various other state laws which upholds similar clauses. In

*Golden Gate Acceptance Corp. v. General Motors*, 597 F.2d 676, 680 (9th Cir. 1979), the Court considered a clause very similar to the one contained in the termination agreement and reached the following conclusion.

> Given the above cited language, the contract must be considered "integrated" and, because the parties have agreed that the written instrument is the exclusive and final embodiment of their contract, antecedent understandings and parol evidence are not admissible to alter its terms.

This case involved a franchise agreement between the plaintiff and General Motors. Under a franchise agreement relating to the operation of a motor lodge, a similar clause precluded parol evidence in *Snyder v. Howard Johnson's Motor Lodges, Inc.*, 412 F.Supp. 724, 727 (S.D.Ill.1976). Such a clause "... makes clear the intention of both parties that the agreement was to be the complete and exclusive statement of terms...." *Franz Chemical Corp. v. Philadelphia Quartz*, 594 F.2d 146, 149 (5th Cir. 1979). It may be taken "... at its face value ...," *Matter of Beverly Hills Bancorp*, 649 F.2d 1329, 1335 (9th Cir.1981), and is "... sufficient to prevent the consideration of prior representations ...", *Earman Oil Co., Inc. v. Burroughs Corp.*, 625 F.2d 1291, 1298 (5th Cir. 1980). See also, *Orth-O-Vision, Inc. v. Home Box Office*, 474 F.Supp. 672, 679 (S.D.N.Y.1979); *Baldt Corp. v. Tabet Mfg. Co., Inc.*, 412 F.Supp. 249, 254 (S.D.N.Y.1974), *aff'd without opinion*, 517 F.2d 1395 (2d Cir. 1975); and *Denali Seafoods, Inc. v. Western Pioneer, Inc.*, 492 F.Supp. 580, 582 (W.D.Wash.1980). We are confident that the Kentucky courts would take a similar approach and find such a merger or integration clause sufficient basis to consider the agreement the complete and accurate integration of the contract and therefore refuse to admit evidence for the purpose of varying or contradicting the writing. Evidence of an alleged condition precedent would also be precluded as varying the terms of the integrated agreement which on its face notes that it supersedes any and all oral or written agreements between the parties.

It is therefore the conclusion of this Court that the termination agreement is a binding contract which nullified the franchise agreement as of November 20, 1980, and released both parties from any and all obligations owing to the other except those set forth in the agreement. It follows that plaintiff is entitled to summary judgment as a matter of law based on the termination agreement entered by plaintiff and defendants in this case. It also follows that defendants can have no counterclaim based on the franchise agreement since they entered a valid agreement which terminated it and all claims and obligations arising therefrom. Defendants will be ordered to perform the obligations they assumed in paragraph 2 of the termination agreement.

An appropriate Order has been entered this 7th day of June, 1982.

On the Motion of Plaintiff, KFC Corporation ("KFC"), for Summary Judgment in its favor on its Complaint and on the Counterclaim of Defendants, the Court having reviewed the record in this action, considered the memoranda of the parties, and the Court being otherwise sufficiently advised,

IT IS ORDERED AND ADJUDGED that Plaintiffs' Motion should be, and hereby is, granted in all respects, and

IT IS FURTHER ORDERED AND ADJUDGED that Summary Judgment should be, and hereby is, granted in favor of KFC on its Complaint and on the Counterclaim of Defendants, and

IT IS FURTHER ORDERED AND ADJUDGED that the Defendants should be, and hereby are, ordered to take the following actions within ten (10) days of the entry of this Summary Judgment:

(a) Return to KFC all Confidential Operating Manuals, together with all other material containing trade secrets, confidential materials, operating instructions, or business practices.

(b) Discontinue the use of service marks, trademarks and tradenames of KFC, and the use of any and all signs, menu board inserts, point-of-sale materials, or printed

226

goods bearing such marks or names or any reference thereto.

(c) Renovate or refurbish the outlet sufficiently to eliminate any possibility of confusion in the mind of the public that Defendants' outlet is in any manner connected with KFC or any of its licensed Kentucky Fried Chicken outlets, including renovation that may require changing the building interior and exterior color scheme, removing glass, removing light fixtures, and other items.

(d) Cease operating or doing business under any name or in any manner that might tend to give the general public the impression that Defendants' former franchise with KFC is still in force, or that Defendants are in any way connected with KFC or authorized to use KFC trademarks.

(e) Cease making, using or availing themselves of any of the trade secrets, trademarks of, or information imparted by KFC, or disclose or reveal any such other information imparted by KFC, or disclose or reveal any such other information or any portion thereof to others.

This is a final and appealable order.