**NELMA DUBERY, Plaintiff**

v.

**JOSEPH DUBERY, Defendant**

Family No. D143/1986

Territorial Court of the Virgin Islands

Div. of St. Croix

October 24, 1988

55

ANTOINE L. JOSEPH, ESQ., St. Croix, V.I., *for plaintiff*

DIANE T. WARLICK, ESQ., St. Croix, V.I., *for defendant*

ELTMAN, *Judge*

## MEMORANDUM OPINION

The defendant seeks to set aside a divorce decree to the extent that it incorporates a stipulated property settlement. At issue is whether the principles of res judicata, collateral estoppel or parol evidence preclude an evidentiary hearing to determine the intent of the parties in negotiating the agreement as to disposition of the homestead. For the reasons which follow, decision on the motion to set aside the property settlement is deferred, pending an evidentiary hearing on the intent of the parties as to the property settlement agreement.

## FACTS

The parties were married on October 29, 1974. Their twelve years together produced three children. On June 6, 1986, Nelma Dubery filed an action for divorce.

On November 3, 1986, both parties appeared in court with their attorneys and stipulated, in part, that they owned a marital homestead located at 534 Estate Strawberry Hill, for which the plaintiff would pay the defendant the sum of $18,000.00, in return for which the defendant would quitclaim his interest. The stipulation was made part of the decree dated December 2, 1986.

A closing was scheduled for January 29, 1987, to implement the agreement with respect to the homestead. Mr. Dubery, who was not present at the closing, learned that title to the property was to be placed jointly in the names of Ms. Dubery and a third party, one Daniel Greenaway. Mr. Dubery has refused to consummate the

agreement, because he contends that the quitclaiming of his interest is part of a broader agreement between himself and his ex-wife in which she would hold his interest in the property in trust for their children. Mr. Dubery subsequently retained other counsel and has moved to set aside the divorce decree. He claims that he never authorized the transfer of the homestead to his wife's friend, and that he specifically conditioned the release of his interest in the homestead on title passing to Ms. Dubery and the children. On February 10, 1988, after Mr. Dubery's attorney failed to appear in court, the motion to set aside the property settlement was denied. Subsequently, new counsel moved to reconsider the denial of the previous motion to set aside the property settlement.

## DISCUSSION

I. *Res Judicata and Collateral Estoppel*

A. *Res Judicata*

██ The doctrine of res judicata precludes parties, or persons in privity with those parties, from "relitigating issues that were or could have been raised" in an earlier action on which a final judgment on the merits was issued. Rider v. Commonwealth of Pennsylvania, No. 87-5492, slip op. at 14 (3d Cir. June 23, 1988), citing Allen v. McCurry, 449 U.S. 90, 94 (1980). Both the Supreme Court and the Second Restatement of Judgments have adopted the term "claim preclusion" as a simplification of the concept of res judicata. Rider, supra at 115, citing Gregory v. Chehi, No. 87-1222, slip. op. at 11 (3d Cir. March 24, 1988). The generally recognized limitation on the use of res judicata, however, is that the ultimate and controlling issues must have been previously disposed of "in a prior proceeding in which the present parties actually had an opportunity to appear and assert their rights." Riverside Memorial Mausoleum, Inc. v. Umet Trust, 581 F.2d 62, 67 (3d Cir. 1978).

██ The application of the doctrine requires that the parties to the previous action actually have litigated or have had the opportunity to litigate the present issue(s). Therefore, consideration must be paid to those issues substantially addressed by the stipulated property settlement which was incorporated into divorce decree.

The transcript of the divorce and property settlement proceeding indicates only that the wife's counsel stated:

If the Court sees fit to grant the divorce based on the foregoing stipulation, we are asking that a divorce decree be entered. That the plaintiff be ordered to pay the defendant the sum of $18,000.00, and the defendant in turn is to execute a quitclaim deed, quitclaiming his interest in the premises.

Tr. at 3. The record does not identify who would be the recipient of Mr. Dubery's interest in the property.

■ The defendant's motion to reopen the judgment does not go to the release of his interest in the homestead but rather to a provision for his children's interest in the property. Mr. Dubery is not now attempting to renege on his agreement to release his interest in the property in exchange for $18,000.00. He maintains, however, that conveyance of his interest to Ms. Dubery and her associate violates the alleged agreement between himself and his ex-wife that she would hold his interest in the property for the benefit of their three children. Since this issue is separate from that of the agreement to execute a quitclaim deed releasing the defendant's interest in the property, the parties have not had a full and fair opportunity to litigate the issue and it is therefore not precluded by res judicata. Moreover, since the question as to whom Mr. Dubery's interest would be quitclaimed was not previously at issue, it could not have been asserted at the divorce proceeding.

In Edwards v. Born, Inc., 608 F. Supp. 580 (D.C.V.I. 1985), vacated 792 F.2d 387 (3d Cir. 1986), the plaintiffs repudiated a pre-trial settlement agreement entered into by their attorneys. The District Court held that since all claims and defenses had been discussed in the pre-trial conference and the stipulation did not involve fraud, collusion or overreaching, the agreed-upon settlement was binding. Edwards may be distinguished from the instant case, however, in that here provision for the children in the property settlement had not been made and in fact was not addressed in the stipulation agreement.

B. *Collateral Estoppel*

■ Four requirements must be satisfied before the doctrine of collateral estoppel will preclude relitigation of an issue on a different cause of action in a subsequent suit involving a party from the previous action:

1. the issue sought to be precluded must be the same as that involved in the prior action;

2. that issue must have been actually litigated;

3. it must have been determined by a valid and final judgment; and

4. the determination must have been essential to the prior judgment.

Haize v. Hanover Insurance Co., 536 F.2d 576, 579 (3d Cir. 1976). Under the circumstances of this case, collateral estoppel does not preclude Mr. Dubery from litigating the issue of the transferee(s) of his interest in the homestead.

The question of the defendant's interest in the property being held in trust for his children was not the same as or even similar to that stipulated to by the parties in the divorce proceeding. Although the stipulation addressed the means by which to accomplish disposition of the marital property, the parties did not address or include a provision for the children in the property settlement. The plaintiff's argument as to identity of issues is not supported by the record.

██ The prerequisite that the issue in the current action have been actually litigated and determined by a valid and final judgment in the prior proceeding may be similarly disposed of, since the issue was not addressed in that proceeding. Additionally, the court's determination of the current issue is in no way dependent upon or essential to its prior judgment. If it finds sufficient evidence to support a finding of the existence of a prior agreement between the parties, the court may incorporate this agreement into the divorce decree without inconsistency. Unlike res judicata, the doctrine of collateral estoppel is not applicable where the prior judgment "is not conclusive as to issues which might have been, but were not litigated in the original action." Riverside, supra at 69. Since the generally recognized limitation on collateral estoppel is that it "cannot apply when the party against whom the earlier decision is asserted did not have a 'full and fair opportunity' to litigate that issue in the earlier case," Allen v. McCurry, supra, at 95, the defendant is not collaterally estopped from asserting his claim regarding the transfer of his property interest in the homestead to his children, or to his wife in trust for the children.

The plaintiff relies on Moorehead v. Moorehead, No. 1984/157 slip op. (3d Cir. May 22, 1985). There, the husband objected to two aspects of the stipulation and sought to overturn a divorce decree which had incorporated an in-court stipulated settlement. A hearing was held to resolve these contentions, during which the court "carefully and repetitively reconstructed the understanding

agreed to by both parties" and determined that the memorandum of stipulation accurately reflected what was stated on the record at trial. (Order, at p. 2). Since no new arguments were raised on appeal, the court rejected the appellant's contention that the stipulation either had resulted from a mutual mistake or had never been agreed to by the parties and determined that the agreement was binding and enforceable.

■ Moorehead is factually distinguishable from the present action. In Moorehead, the District Court affirmed the decision of the Territorial Court because all aspects of the settlement agreement set forth by the parties on record were clarified, understood by, and agreed to. The stipulation was clear and each party understood the arrangements as to "... use and disposition of the marital residence ...." In contrast, however, the question of who would receive Mr. Dubery's interest in the homestead was not even addressed by the settlement agreement, much less clarified by the stipulation at trial. Moreover, there are no facts from which to determine the parties' intent regarding the effect of the property disposition on their children's interest in the homestead. Thus, the defendant's motion does not advance the same arguments or address the same issues as had been previously determined in the divorce proceeding, but rather raises new issues.

II. *Conclusiveness of Stipulations and Settlement Agreements*

■ ■ A stipulated judgment is regarded as a contract and construed in accordance with rules applicable to contract construction. United States v. McKinney, 758 F.2d 1036 (5th Cir. 1985); Kinzli· v. City of Santa Cruz, 539 F. Supp. 887 (N.D. Cal. 1982). A stipulation as to material facts conclusively establishes those facts, United States v. Houston, 564 F.2d 104, 107 (9th Cir. 1976), and a party is deemed bound by his/her stipulation. Marelock v. NCR Corp., 586 F.2d 1096, 1107 (5th Cir. 1978).

Green v. John H. Lewis & Co., 436 F.2d 389, 390 (3d Cir. 1970) discussed the position of the Third Circuit as to the binding effect of voluntary agreements to settle law suits:

> [A]n agreement to settle a law suit, voluntarily entered into, is binding upon the parties whether or not made in the presence of the court, and even in the absence of a writing.

■ In Edwards, supra, 608 F. Supp. at 582, the court further noted that "[o]ther courts have ruled that voluntary settlements are

highly favored and, when reached validly, cannot be repudiated." Courts are obliged to enforce valid settlement agreements. United States v. 133.79 Acres of Land, Etc., 313 F. Supp. 697, 709 (1970). However, where a stipulation establishes only the facts to which it refers and is not intended as a stipulation to all facts relevant to the case, it binds the parties only as to agreed facts. Branding Iron Club v. Riggs, 207 F.2d 720 (10th Cir. 1953). Accord, Rice v. Glad Hands, Inc., 750 F.2d 434 (5th Cir. 1985). Moreover, despite the res judicata effect of a binding stipulation, a court is "authorized to adopt findings not in conflict therewith ...." Capital Nat. Bank of Sacramento v. Smith, 144 P.2d 665, 673 (Dist. Ct. App. Cal. 1944).

In Poletti v. Commissioner of Internal Revenue, 330 F.2d 818, 820 (5th Cir. 1964), the U.S. Tax Court was reversed on its decision to disallow tax deductions over and above those stipulated even though the lower court had permitted the submission of an amended stipulation of facts, the contents of which the Tax Court had accepted. And in Friends for All Children, Inc. v. Lockheed Aircraft Corporation, 746 F.2d 816, 833 (D.C. Cir. 1984), where the language of the stipulation did not expressly limit the equitable remedies available to the plaintiffs, the stipulation was not violated by an award of additional relief.

### III. *Admissibility of Parol Evidence*

 The parol evidence rule precludes avoidance of a contract on the basis of putative prior oral agreements between the parties which vary or contradict the contract terms. An exception to this rule is where the parol evidence provides a term on which the contract is silent. KFC Corporation v. Darsam Corporation, 543 F. Supp. 222, 224 (W.D. Ky. 1982). Here, the property settlement provides that Mr. Dubery will quitclaim his interest in the homestead in return for $18,000.00, but makes no mention of who will take title to the quitclaimed property. Thus, neither the parol evidence rule nor the principle of collateral estoppel is applicable to this situation. Prior negotiations merge into written contracts and thus do not change the terms of the written contract, State of Oklahoma v. United States, 173 F. Supp. 349, 355 (Ct. Cl. 1950). Here, however, evidence of negotiations between the parties will neither alter nor contradict the divorce decree which incorporates the stipulation; instead, they may bear on the interpretation of the stipulated property settlement agreement.

## IV. *Evidentiary Hearing on the Parties' Intent*

Although the record indicates that both parties were asked if they understood and agreed to the stipulation, and both parties responded affirmatively (Tr. at 5, 7), we are not persuaded as to the clarity or extent of the agreement. In light of the defendant's contention, inquiry must be made as to what the parties did in fact agree to.

In Holiday Homes of St. John, Inc. v. Lockhart, 678 F.2d 1176, 1183 (3d Cir. 1982), the phrase "exclusive right to sell" was held to be ambiguous as to whether a sale of the property—by the plaintiff's real estate agency, another broker, or the owners themselves—would entitle Holiday Homes to a commission for the sale. Since the contract was susceptible to multiple interpretations, it was not "clear and unambiguous" and thus necessitated a factual inquiry regarding the parties' intent.

██ The identity of the transferee(s) is both a natural consideration of and integral to the process of conveying property. Moreover, divorce proceedings and associated property settlements generally concern and apply to the husband and wife, not to third parties. Mr. Greenaway is not mentioned either in the stipulated agreement or in the divorce decree, nor was he a party to the action. Ms. Dubery may not now unilaterally inject Mr. Greenaway into the settlement as if he were an original party to the action, and there is a real dispute that this result was ever intended by the parties. Thus, an evidentiary hearing must be conducted to determine their intent.

## ORDER

In accordance with the memorandum opinion of even date, it is hereby

ORDERED that a hearing on the defendant's motion to set aside the divorce decree will be held on November 16, 1988, at 3:00 p.m.