NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0089n.06

Nos. 17-5732/5828

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | |
|---|---|
| PRIME FINISH, LLC, | ) |
| Plaintiff, | ) |
| | ) |
| CAMEO, LLC, | ) |
| Intervenor Plaintiff-Appellant/Cross-Appellee, | ) |
| | ) |
| v. | ) |
| | ) |
| ITW DELTAR IPAC, a division of Illinois Tool Works, Inc., | ) |
| Defendant-Appellee/Cross-Appellant. | ) |
| | ) |

**FILED**
Feb 21, 2019
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF KENTUCKY

Before: GILMAN, KETHLEDGE, and BUSH, Circuit Judges.

PER CURIAM. Cameo sued ITW Deltar IPAC ("ITW") for breach of contract. ITW won at trial. Cameo now appeals, arguing that the district court improperly shifted the burden of proof for certain conditions in the agreement. ITW cross appeals, arguing that the agreement contains a liquidated-damages clause and that Cameo cannot recover lost sales commissions as damages. We agree that the district court improperly shifted the burden of proof, and thus vacate the court's judgment in favor of ITW. We also find no merit in ITW's cross-appeal.

I.

In May 2005, Prime Finish agreed to paint automotive parts for ITW. The agreement specified that it would last for four years "unless terminated sooner" according to various provisions in the agreement. Those provisions allowed ITW to terminate early if, among other

things, Prime Finish became insolvent or failed to meet certain quality standards. If ITW terminated the agreement early for any reason except a quality issue, however, it would have to pay a "termination penalty."

To fill ITW's orders, Prime Finish needed new painting equipment, so it contracted with Cameo to fund the investment. In return, Prime Finish promised to pay Cameo a royalty for each part painted using the equipment.

Three years later (before the end of the contract period), ITW terminated its agreement with Prime Finish, saying that Prime Finish had become insolvent and had violated the agreement's quality standards. Soon thereafter, both Prime Finish and Cameo sued ITW for breach of contract. Prime Finish eventually settled its case, but Cameo did not.

Before trial, ITW moved for partial summary judgment, arguing that its agreement contained a liquidated-damages clause. The district court denied ITW's motion, and the case proceeded to trial. The day before the end of trial, the district court told the parties that its jury instructions required Cameo to prove that the agreement's insolvency and quality provisions had not been violated. Cameo objected to this instruction, but its objection was overruled. At the end of trial, ITW moved for judgment as a matter of law, arguing again that the contract contained a liquidated-damages clause and in addition that Cameo could not recover lost sales commissions as damages. The district court declined to rule on the motion and submitted the case to the jury. The jury returned a verdict for ITW. Both parties then appealed.

II.

Cameo challenges the district court's jury instructions, which required Cameo to prove that neither the insolvency nor the quality provision had been violated. The parties agree that Kentucky law applies.

As an initial matter, ITW argues that either the invited-error doctrine or judicial estoppel bars Cameo's appeal on this issue. The invited-error doctrine prevents a party from appealing an error that it "provoked the [lower] court to commit[.]" *United States v. Demmler*, 655 F.3d 451, 458 (6th Cir. 2011). Judicial estoppel prevents a party from "from abusing the judicial process" by asserting inconsistent positions at different stages of the case. *Mirando v. U.S. Dep't of Treasury*, 766 F.3d 540, 545 (6th Cir. 2014) (internal quotation marks omitted). Here, Cameo objected to the jury instructions in a timely manner, and the Federal Rules require nothing more. *See* Fed. R. Civ. P. 51(d)(1)(a). Cameo neither "provoke[d]" the lower court's error nor "abuse[d] the judicial process" through its timely objection. Hence neither doctrine applies.

The parties also dispute the correct standard of review. We usually review jury instructions de novo. *See Smith v. Joy Techs., Inc.*, 828 F.3d 391, 397 (6th Cir. 2016). ITW says that we should review the instructions in this case for plain error because Cameo failed to offer its own instruction when it objected. But a party need propose an instruction only when the district court "fail[s] to give an instruction." Fed. R. Civ. P. 51(d)(1)(A). Here, Cameo objected to an instruction that the district court actually gave, so it was not required to propose one. *See id.* 51(d)(1)(B). Hence we review the court's instructions de novo.

As for the merits, Cameo argues that the agreement's insolvency and quality provisions are conditions subsequent, and that ITW thus had the burden to prove that Prime Finish had violated at least one of those conditions. A condition subsequent is an event that terminates an existing

contract. *See Long v. Jones*, 319 S.W.2d 292, 293 (Ky. 1958); 13 *Williston on Contracts* § 38:9 (4th ed.). Here, the agreement between Prime Finish and ITW created a contract for four years "unless terminated sooner" if any of five events occurred. "Unless" indicates a condition. *See Webster's Third New International Dictionary* 2503 (2002). And here the relevant events allowed ITW to terminate the agreement early if Prime Finish became insolvent or failed to meet the quality standards. The insolvency and quality provisions describe events that would terminate an existing contract and thus are conditions subsequent.

Under general principles of contract law, the defendant has the burden of proving conditions subsequent. *Javierre v. Cent. Altagracia*, 217 U.S. 502, 507-08 (1910) (Holmes, J.); 13 *Williston on Contracts* 38:26 (4th ed.). Kentucky cases reflect the same rule. *Edwards v. Equitable Life Assur. Soc. of U.S.*, 177 S.W.2d 574, 577 (Ky. 1944); *Home Ins. Co. of N.Y. v. Johnson*, 11 S.W.2d 415, 415-16 (Ky. 1928). ITW attempts to distinguish the Kentucky cases by noting that all of them involve employment or insurance law—areas where courts often shift the burden of proof from plaintiffs to defendants. But ITW has not identified a Kentucky case that limits this burden-of-proof rule to the insurance or employment context. We therefore conclude that Kentucky courts would follow the general rule and that ITW should have borne the burden of proof. The district court assigned the burden of proof to Cameo, however, and thus committed reversible error. *See Jones v. Consol. Rail Corp.*, 800 F.2d 590, 594 (6th Cir. 1986).

We now address ITW's cross-appeal for purposes of proceedings on remand. We review the district court's rulings de novo. *See In re AmTrust Fin. Corp.*, 694 F.3d 741, 750 (6th Cir. 2012).

ITW first argues that, as a matter of law, the agreement's penalty provision provides liquidated damages as Cameo's sole remedy for early termination. The penalty provision reads:

"If ITW . . . terminates its contract early, for any reason, other than [a violation of the quality standards], ITW . . . will pay the following termination penalty[.]" The provision neither refers to the penalty as liquidated damages, nor describes the penalty as the sole remedy for early termination. On the other hand, there is no reason that a termination-penalty provision could not be synonymous with a liquidated-damages provision. The penalty provision is thus ambiguous and its meaning cannot be determined without evidence of the intent of the parties and other background information. We therefore reject ITW's argument that, as a matter of law, the provision is a liquidated-damages clause. If on retrial ITW is found liable for a breach of contract, then the jury will need to decide if this provision limits ITW's liability.

ITW also argues that Cameo lacks standing to recover lost sales commissions. But we have already held that Cameo has standing under the agreement. *See Prime Finish, LLC v. Cameo, LLC*, 487 F. App'x 956, 962 (6th Cir. 2012). ITW's argument is really about damages, not standing. But ITW has failed to develop this argument on appeal, so we choose not to reach it here.

The district court's judgment is vacated, and the case remanded for further proceedings consistent with this opinion.