## SADLER v. CARPENTER et al.

Court of Appeals of Kentucky.
Oct. 10, 1952.

Breckinridge & Breckinridge, Lexington, for appellant.

Taylor G. Smith, Lexington, for appellees.

MILLIKEN, Justice.

The question presented by this appeal is whether the trial court properly sustained the plaintiffs' demurrer to the defendant's second amended counterclaim. The transcript of evidence and bill of exceptions were not filed in time and have been stricken from the record by an order of this court.

The plaintiffs, A. B. Carpenter and Violet Carpenter, appellees herein, alleged that they employed a realtor by the name of J. B. Johnson to sell certain property owned by them and that they agreed to pay him the usual real estate commission provided by the Lexington Real Estate Board; that he brought the defendant (appellant), H. C. Sadler, to them, and that a contract for the sale and exchange of real estate was executed by them on February 1, 1949. By the terms of this contract the Carpenters were to transfer their Lexington property to Sadler as part payment for his property in Jessamine County, which would leave a balance due of $21,000. The Carpenters were to obtain as large a loan as possible as further payment on the purchase price to be secured by a first mortgage, and the balance due was to be secured by a second mortgage. The following clause also appeared in the contract:

"It is mutually agreed by and between the parties hereto that the sale and exchange of the property above described has been negotiated through J. B. Johnson, of Lexington, Kentucky, Agent, and upon the conclusion of said sale and exchange of the properties, each party hereto shall pay to the said J. B. Johnson, Agent, the usual real estate commission as provided by the Lexington Real Estate Board."

On February 12, 1949, the Carpenters and Sadlers entered into the following agreement of cancellation:

"It is mutually agreed between H. C. and Elizabeth S. Sadler and A. B. and Violet Carpenter, that contract dated February 1st, 1949, regarding 80 acres in Jessamine County and House and Lots in Fayette County, become null and void as of this date, February 12th, 1949.

On February 28, 1949, the Carpenters filed suit against Sadler for $360, alleging that Sadler, as an additional consideration for the execution of the agreement, orally promised to pay the realtor's fee which the Carpenters owed and which they had paid to the realtor.

Sadler paid his own obligation to the broker, which amounted to $588.80, and he counterclaimed for this amount. It is the rule of the Lexington Real Estate Board that in any mutual exchange of property each owner shall pay the realtor 4% or thereabouts on the value of his property. Sadler's counterclaim alleged (1) that the Carpenters misrepresented the amount of the loan on their property in the sum of $180; (2) that they misrepresented the value of their property; (3) that they removed certain window fixtures; (4) that they misrepresented their financial status and credit; (5) that he mistakenly believed that the

cancellation agreement canceled his obligation for the payment of realtor's fees; (6) that he did not intend to waive any of his claims under the original contract, and that he would not have incurred the liability of $588.80 but for the fact that he was fraudulently induced to enter into the original contract.

At the trial, the jury considered only the question of the Carpenters' claim and Sadler's denial, and rendered a verdict in favor of the plaintiffs for $320, upon which judgment was entered. The trial judge had sustained a general demurrer to Sadler's counterclaim.

The Carpenters brought this action under the authority given by KRS 371.030, which provides that:

> "The consideration of any writing, with or without seal, may be impeached or denied by pleading verified by oath."

The exception to the parol evidence rule made possible by this section applies only to the "consideration" of a contract as distinguished from its "subject matter." Apple v. McCullough, 239 Ky. 74, 38 S.W.2d 955. It should be noted that the defendant does not contend that the cancellation agreement prevented the Carpenters from instituting their action.

The allegations set forth in Sadler's counterclaim, except for (5) concerning mistake, relate to the breach of the original contract by the plaintiffs. As stated in 12 Am. Jur., Contracts, section 457, page 1040:

> "After a contract has been rescinded by express or implied agreement, neither party can maintain an action thereon for a previous breach thereof unless a different intent is indicated. The rescission of a contract while in the course of performance destroys or annuls any claim which either of the parties might otherwise have in respect of performance, or of what has been paid or received thereon, unless a different intent can be deduced from the agreement of annulment, construed in the light of attendant circumstances. The term 'cancelation' of a contract necessarily implies a waiver of all rights thereunder by the parties. If,

after breach by one of the parties, they agree to cancel it and make a new contract with reference to its subject matter, that is a waiver of any cause of action growing out of the original breach. * * * When an executory agreement partly performed is mutually canceled, express reservation is necessary to preserve any right to recover unliquidated damages arising out of a previous breach thereof. However, whether the mutual rescission of a contract operates as a waiver and release of the rights of the parties thereunder depends on the intention to be deduced from the agreement of rescission, construed in the light of the attending circumstances."

When we examine the agreement of cancellation and construe it in the light of attending circumstances, it appears clear that it was intended to operate as a waiver and release of the rights of the parties under their original contract. While the parties to the original contract could cancel their obligations as to one another, they could not so cancel their obligations to the realtor. However, they could agree that one would pay the fee owed by the other as part consideration for the execution of the agreement of cancellation.

Sadler's claim that he would not have signed the cancellation agreement had he known that he would remain liable for realtor's fees, in effect, pleads a mistake of law. As stated in 17 C.J.S., Contracts, § 145(a), p. 500:

> "A mistake of law may be defined as an erroneous conclusion respecting the legal effect of known facts. It is laid down in general language in many cases that a mistake, in order that it may affect a contract, must be a mistake of fact, and that a mere mistake of law will not affect the enforceability of an agreement * * *."

There are exceptions to this general rule as when a mistake of law is induced by fraud, undue influence or abuse of confidence. 17 C.J.S., Contracts, § 145(b), p. 501. But in the instant case, the allegations of fraud and misrepresentation relate to the

breach of the original contract and do not relate to the cancellation agreement. It was Sadler who offered the cancellation agreement to the Carpenters, and in no instance does he allege that he was not fully apprised of all material facts at the time it was executed.

We conclude that Sadler's counterclaim does not state a good cause of action, and that the trial judge properly sustained the general demurrer to it.

The judgment is affirmed.