Mary Alice RAISOR, Individually and as Trustee Under Revocable Trust of William R. Burkett, Sr., Appellants,

v.

William R. BURKETT, Jr.; William R. Burkett, III; Heather G. Burkett; Allen P. Dodd, III; Dodd & Dodd Attorneys, PLLC; The Estate of William R. Burkett (Allen P. Dodd, III and Martin N. Kute, Co–Administrators); and The Estate of Dorothy Burkett (Allen P. Dodd, III and Martin N. Kute, Co–Administrators), Appellees.

William R. Burkett, Jr., Appellant,

v.

Mary Alice Raisor; Allen P. Dodd, III; The Estate of William R. Burkett, Sr.; The Estate of Dorothy Burkett; William R. Burkett, III; and Heather Burkett, Appellees.

William R. "Beau" Burkett, III, Appellant,

v.

Mary Alice Raisor; Allen P. Dodd, III; The Estate of William R. Burkett, Sr.; The Estate of Dorothy Burkett; and William R. Burkett, Jr., Appellees.

Nos. 2004–CA–001471–MR, 2005–CA–001171–MR, 2005–CA–001212–MR.

Court of Appeals of Kentucky.

July 21, 2006.

Rehearing Denied Sept. 18, 2006.

Discretionary Review Denied by Supreme Court Feb. 14, 2007.

Ordered Published by the Supreme Court Feb. 14, 2007.

A. Thomas Johnson, Louisville, KY, for appellants and appellee, Mary Alice Raisor.

William R. Burkett, Jr., Des Moines, WA, pro se.

William R. Burkett, III, Buckley, WA, pro se.

Alan N. Linker, Wesley A. Gersh, J. Gregory Troutman, Louisville, KY, for appellees, William R. Burkett, III, and Heather Burkett.

Mark S. Fenzel, Augustus S. Herbert, Louisville, KY, for appellees, Dodd & Dodd, PLLC and Allen P. Dodd, III.

Before GUIDUGLI and HENRY, Judges; HUDDLESTON, Senior Judge.[1]

## OPINION

GUIDUGLI, Judge.

These cases represent appeals in a rather complicated declaratory judgment action and an ensuing dispute regarding attorney fees, all related to the settlement of two estates. The first appeal concerns the enforcement of a Settlement Agreement and an Agreed Judgment, while the second and third appeals address the issue of attorney fees. We affirm as to the first and second appeals, and affirm in part, reverse in part and remand as to the final appeal.

At the outset and in an effort to ease the understanding of the facts, we shall set out the identities of the parties involved in these appeals and their relationship to each other. William R. Burkett, Jr. (hereinafter "William Jr.") is the only surviving son of William R. Burkett, Sr. (hereinafter "William Sr.") and the stepson of William Sr.'s wife, Dorothy Burkett. William R. Burkett, III (hereinafter "Beau") and Heather Burkett (hereinafter "Heather", or collectively "the grandchildren") are the only children of William Jr., the grandchildren of William Sr., and the step-grandchildren of Dorothy. William Jr., Beau, and Heather all reside in the state of Washington. Mary Alice Raisor was employed as a housekeeper by William Sr. and Dorothy from 1995 until their deaths in 2001.

In 1985, William Sr. and Dorothy each executed a Last Will and Testament, naming the other as the primary beneficiary. Both wills contained the provision that should they die due to a common accident or disaster, or the order of their deaths be unascertainable, or should the surviving spouse die within ninety days of the other's death, the estates were to be split equally between William Jr., Beau, and Heather.

In 1999, William Sr. purportedly executed a subsequent Last Will and Testament,

---

1. Senior Judge Joseph R. Huddleston, sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

naming Raisor as the executor. William Jr. and the grandchildren were not mentioned in the will, which also provided that any contestant to the will would be given $1.00. Under the will, the estate assets were to pour-over into a Revocable Living Trust Agreement executed the same day. Raisor was also named as the trustee. Under William Sr.'s special directive, $500 was to be donated to the National Rifle Association, Raisor was to receive his residence on Greenridge Lane, and William Jr. was to receive $5.00 as his total inheritance.

William Sr. died on February 13, 2001, followed less than ninety days later by Dorothy on April 1, 2001. On March 9, 2001, prior to Dorothy's death, William Jr., through his counsel Allen P. Dodd, III, and Dodd & Dodd Attorneys, PLLC, (hereinafter "Dodd"), filed a Complaint and Petition for Declaratory Judgment in Jefferson Circuit Court. William Jr. entered into a contingency fee contract with Dodd, whereby Dodd's fee was to equal 50% of whatever William Jr. recovered. In the complaint, William Jr. sought to invalidate the 1999 pour-over will and revocable trust and to declare William Sr.'s 1985 will as being his valid, last will. The complaint named Raisor, both individually and as trustee, Dorothy (who at that time was still alive, but was suffering from Alzheimer's disease) and the NRA as defendants. William Jr. alleged that Raisor received the subject property through undue influence and that William Sr. lacked the capacity to effect any valid gift transfers. Furthermore, William Jr. alleged that Raisor disbursed money and personal property for her own benefit while in a confidential or fiduciary position, and also committed fraud. A restraining order was entered the same day against Raisor to protect the estate assets. A jury trial was later set for December 4, 2001.

On May 10, 2001, William Jr. and Raisor entered into an Agreement settling the dispute between them. Pursuant to the terms of the Agreement, William Jr. and Raisor were to equally split the assets of William Sr. and Dorothy, while Dodd and Raisor's attorney, Martin Kute, were to apply to be named as the representatives of the estates. The Agreement also contained a merger clause, and provided that it was binding on the parties' heirs, successors, and assigns. The next day, the circuit court entered an Agreed Judgment as follows:

On motion of the parties William R. Burkett, Jr. and Mary Alice Raisor to enter this judgment (it appearing that parties have reached a settlement of the issues contested in this action) and the Court being otherwise sufficiently advised;

IT IS ORDERED and adjudged as follows:

1. The copy of the Last Will of William R. Burkett, Sr. dated 4th day of November, 1985 incorporated herein by reference is hereby adjudged to be the valid last Will and Testament of William R. Burkett, Sr. The court finds and determines that the original Will of 1985 has been inadvertently lost and has not been revoked or nullified. The Jefferson District Court, Probate Division is hereby ordered to admit to probate said copy of Last Will and Testament of William R. Burkett, Sr. dated November 4, 1985 and to appoint the executor named therein or the person or persons whom the executor named therein request to be appointed and who are otherwise qualified to serve in such capacity.

2. As a result of settlement and compromise and without the admission of fault on the part of the defendant, Mary Alice Raisor, and in contemplation that the settlement agreement's terms and

conditions will be fully met by both parties, the Will and Trust of William R. Burkett, Sr. dated November 16, 1999 (including the special directive incorporated by reference in said trust) and all amendments thereto are declared null and void.

3. The parties have entered into a settlement agreement dated the 10th of May, 2001.

4. The court shall retain jurisdiction of this matter for purpose of enforcing said settlement agreement dated the 10th of May, 2001 and entering such additional orders as may be appropriate. Upon a complete administration of the estate in District Court, the case will be dismissed.

5. From the assets of the estate of William R. Burkett, Sr., the sum of $500.00 shall be paid to the defendant, National Rifle Association (the full amount of its bequest under one of the contested instruments).

6. This is a final order and there is no just reason for delay.

The 1985 wills of William Sr. and Dorothy were admitted to probate on May 14, 2001, and Dodd and Kute were appointed as co-administrators. Under the terms of William Sr.'s will, because Dorothy died less than ninety days after he did, his estate was to be split equally between William Jr. and the grandchildren. However, Beau and Heather were not made parties to the case and were not involved in the settlement agreement or Agreed Judgment. And while they were apparently informed that a settlement had been proposed, they were not aware of its terms. At the same time the Agreed Judgment was entered, Beau and Heather were each sent documents from Dodd with the request that they sign and return the two forms to him. The first form was a Special Power of Attorney, which provided:

The undersigned does hereby grant to William R. Burkett, Jr. a Special Power of Attorney to act as her [or his] agent and to represent her [or his] interest as fully and completely as the undersigned could do if personally present in all matters affecting the Estate of William R. Burkett, Sr. and the Estate of Dorothy Burkett. William R. Burkett, Jr. has been authorized to institute litigation, execute documents, compromise and settle claims and do all things he may judge necessary on behalf of the undersigned thereby binding the undersigned unconditionally, to contracts, settlements, judgments and any other matter directly or indirectly related to the estates.

The second document was an Irrevocable Assignment, which provided:

Under certain documents dated 1985 William R. Burkett, Sr. and Dorothy Burkett of which there exists only a signed copy, the undersigned would be entitled to a one-third share in the estate of William R. Burkett, Sr. Under certain unsigned apparently later documents William R. Burkett, Jr. would be entitled to all of the estate of William R. Burkett, Sr. Under Kentucky law of intestacy William R. Burkett, Jr. would be entitled to one-half of the William R. Burkett, Sr. estate and one-half would pass to Dorothy Burkett's estate. Respecting Dorothy [ ] Burkett's estate, if a copy of her Will (1985) is admitted in lieu of an original, one-third of Dorothy Burkett's estate would pass to the undersigned; however, if Dorothy Burkett is deemed to have died intestate, her surviving sister would be entitled to all of Dorothy Burkett's estate assets. Under certain challenged 1999 documents, the Burkett family is substantially ($5.00 or less) disinherited.

For love and affection and to assist the settlement of this litigation, the un-

dersigned does here irrevocably assign her [or his] entire interest in the estate of William R. Burkett, Sr., and Dorothy Burkett to William R. Burkett, Jr. trusting her [or his] father to provide for her [or him] in the future.

If Beau and Heather had signed the documents, then William Jr. and Raisor would each have received half of the assets, just as the Agreement provided, and Dodd would have received 50% of the assets William Jr. received pursuant to the terms of the contingency fee contract.

Beau and Heather refused to sign the documents, and refused to cash any checks made payable to them from the estates' escrow account. Instead, they retained their own attorney and moved the circuit court to set aside the Agreed Judgment pursuant to CR 60.02 and to allow them to file an Intervening Complaint to assert and defend their rights as heirs. Then Dodd, individually and ostensibly as counsel for William Jr., moved the circuit court to enforce the terms of the settlement agreement and to determine that the grandchildren were bound by the terms of the fee agreement he and William Jr. had entered into. Dodd was essentially claiming that he was entitled to 50% of any portions the grandchildren received. Beau and Heather disputed that Dodd was entitled to any fee through their distributions as they never gave him any authority to act on their behalf. In reply, Dodd argued that the grandchildren did not have any legal interest until the 1985 wills were probated, and that he provided a benefit to them by effectuating the probate of the will copies.

The circuit court originally ruled that Beau and Heather did not have standing to file a CR 60.02 motion as they were not parties to the action, and denied Dodd's motion regarding attorney fees as moot. On appeal, the Court of Appeals reversed,

holding that Beau and Heather should have been permitted to intervene and ruling that Dodd's motion for attorney fees from them was premature and that the grandchildren should be given the opportunity to respond to his claims.

While the matter was pending on appeal, Dodd withdrew as counsel for William Jr., and Raisor retained new counsel, as her previous attorney was a co-administrator of the estates.

Also during the pendency of the appeal, Beau and Heather filed a separate action in Jefferson Circuit Court (02–CI–003998), seeking a declaration of rights that they were each entitled to one-third of the estates pursuant to the 1985 wills. They asserted that Dodd attempted to induce them into signing the Special Power of Attorney and Irrevocable Assignment forms without having first disclosed the terms of the settlement between William Jr. and Raisor. They requested a restoration of unlawful distributions and an accounting of the property conveyed. They also sought a declaration of rights as to one of the properties at issue, which issue was later settled. This suit was consolidated with the earlier suit upon remand from the Court of Appeals. Beau and Heather later indicated that they were dropping their intervening complaint in order to rely upon their declaration of rights action. In this way, they sought to enforce the settlement agreement only to the extent that the 1985 wills were to be probated.

Throughout the remainder of the litigation, Raisor and Dodd argued that the settlement agreement should be enforced. Specifically, Raisor claimed that she should receive 50% of the estate, while the remainder of the estate should be split equally between the Burkett heirs. Dodd continued to argue that he was entitled to recover as a fee 50% of the funds William

Jr. received as well as a reasonable fee from the funds received by Beau and Heather under the common fund theory. William Jr. countered with his assertion that Dodd had "abandoned" him to pursue his own financial interests. Beau and Heather argued that as their interests arose under, and should be governed by, statutory probate law, they were each entitled to receive distributions of one-third from the entire estate, and that Raisor's share should be limited to 50% of William Jr.'s distribution. They also argued that Dodd was not entitled to receive any fees from their distributions because he was acting solely on William Jr.'s behalf, to their detriment, and they were not parties to either the original suit or the settlement agreement.

On July 13, 2004, the circuit court entered an Opinion and Order ruling on the various motions and cross-motions for summary judgment filed by the parties in support of their respective theories. The circuit court held as follows:

The Court finds that the May 10, 2001 Agreement between William Jr. and Raisor is a valid and enforceable agreement between them. The Court finds that the Agreed Judgment of May 11, 2001 is a valid and enforceable judgment as between William Jr. and Raisor.

The Grandchildren were not parties to either the Agreement or Agreed Judgment, nor did the actions of William Jr., Attorney Dodd, Attorney Kute, or Raisor put the Grandchildren on notice of the above. The Grandchildren are not bound by either the Agreement or Judgment. *Harlan Public Service Co. v. Eastern Construction Co.*, Ky. [254 Ky. 135], 71 S.W.2d 24 (1934); *City of Ashland v. Kelley*, Ky.App. 555 S.W.2d 821 (1977). The Court had no jurisdiction over the Grandchildren on May 11, 2001, as they were not then parties to this action. The Agreement and Judgment are however valid as to William Jr. and Raisor, both of whom have been before the Court and "had their day." *Taylor v. Howard*, Ky. [306 Ky. 407], 208 S.W.2d 73 (1948).

The District Court admitted the 1985 Wills to probate. These Wills remain probated and the Grandchildren's rights under each Will are clear. Each is entitled to receive their one-third share without regard to the Settlement Agreement and Agreed Judgment. William Jr. and Raisor had no authority or right to enter into any agreement which affected the rights of those not privy thereto; nor of those whose consent was not secured. Without proper consent, William Jr. and Raisor had no legal ability to modify the terms of the Wills to the detriment of the remaining beneficiaries. *Cook v. Cook*, Ky. 299 S.W.2d 261 (1957).

The Court further finds that enforcement of the Agreement and Agreed Judgment as against the Grandchildren would be wholly inequitable and contrary to law.

Had this Court been presented with the existence of the Grandchildren and other pertinent facts herein prior to signing the Agreed Judgment, the outcome may very well have been different.

As to Attorney Dodd's claim for a fee under KRS 412.070, the Court finds that Attorney Dodd performed no service for the benefit of the Grandchildren. In fact, the entire set of circumstances leads the Court to find that his representation was intended to be, and was in fact, to the Grandchildren's detriment. Therefore, he is not entitled to recover an attorney fee from any portion of the Grandchildren's estates. *Webster County v. Nance*, Ky. 3[6]2 S.W.2d 723 (1962).

WHEREFORE, IT IS HEREBY OR-DERED that William R. Burkett III and Heather G. Burkett's Motion for Summary Judgment is Granted. Each is entitled to rec[e]ive their share of the estates of William Burkett and Dorothy Burkett. All other motions for Summary Judgment are denied. William Burkett Jr. and Mary Alice Raisor are bound by the Settlement Agreement and Agreed Judgment, and each shall be entitled to receive 50% of the remaining one-third of each estate. Attorney Dodd is not entitled to any attorney fee from the Grandchildren's shares.

This is a final, appealable Order, and there is no just reason for delay.

Raisor filed a timely Notice of Appeal of the circuit court's Opinion and Order, which was assigned Appeal No. 2004–CA–001471–MR.

The same day Raisor filed her notice of appeal, Dodd filed a motion to alter, amend or vacate the same Opinion and Order, specifically addressing the portion of the order regarding the attorney fee issue. Dodd argued that the grandchildren did not have a viable interest until the 1985 wills were probated, making him entitled to receive a fee from their distributions as well as William Jr.'s distribution. The grandchildren maintained that Dodd had always advocated a position directly contrary to their vested rights. In his response, William Jr. argued that Dodd was not entitled to a 50% fee pursuant to their contract as he abandoned his representation and provided him with bad advice.

Following a hearing, during which a substitute judge presided, the circuit court entered an Opinion and Order granting Dodd's motion to alter, amend or vacate on March 10, 2005, as follows:

This matter is before the Court on Dodd & Dodd, PLLC and Allen P. Dodd, III's Motion to Alter, Amend and/or Vacate the portion of this Court's July 13, 2004 Opinion and Order concerning the denial of reasonable attorney fees to Dodd from the Burkett grandchildren. The other portions of this Court's July 2004 order are now before Kentucky's Court of Appeals awaiting review. Having reviewed all pleadings, applicable law and through other sufficient advice, the Court shall grant the motion to amend its judgment as to the issue of attorney's fees.

The facts and procedural history of this action are well known to the Court and all involved parties. The central issue of this current motion is whether Mr. Dodd is entitled to an award of attorney fees from the Burkett grandchildren, William R. Burkett III and Heather Burkett, in consideration for his work resulting in the probating of William R. Burkett, Sr.'s 1985 will copy from which the grandchildren benefited, mandates that the grandchildren pay reasonable attorney fees to him. According to the record, the grandchildren did not obtain separate counsel until after the will copy was probated.

KRS 412.070 states in part: "In actions for the settlement of estates, . . . if one or more of the legatees, devisees, distributees or parties in interest has prosecuted for the benefit of others interested with him, and has been to trouble and expense in that connection, the court shall allow him his necessary expenses, and his attorney reasonable compensation for his services, in addition to his costs." Kentucky has made it clear that where a party is not represented by an attorney and did not pay anything for attorney fees, yet enjoyed benefits of the funds recovered by the litigation of other heirs to an estate, that unrepresented party is required to con-

tribute proportionately to the fees and expenses incurred in the recovery. *See Clark v. Pepper[']s Adm'r,* [132 Ky. 192] 116 S.W. 353 ( [Ky.] 1909). Additionally, in *Skinner v. Morrow,* 319 [318] S.W.2d 419, 427 (Ky.[ ], 1958), the Supreme Court determined that an attorney who had, in good faith, commenced proceedings to protest the probating of a will created a substantial benefit to the heirs of the estate in assisting in the recovery of their inheritance. All of the attorneys' services were rendered at a time[ ] when he did not represent anyone with a valid interest in the estate. The Court determined that the attorney was entitled to fees from the heirs for his work that resulted in eventual order of distribution of the estate. In *Cambron v. Pottinger,* [310 Ky. 70] 219 S.W.2d 401, 204 [403] (Ky.[ ] 1948), the Court held KRS 412.070 applies where parties have a common interest and a suit is brought for their common benefit and one attorney carries the burden.

It is for these reasons and based on a re-analysis of the extensive facts of this litigation that the Court has decided to amend its prior decision as to Mr. Dodd's entitlement to fees.

WHEREFORE IT IS HEREBY ORDERED AND ADJUDGED that this Court's July 2004 judgment is amended as to Dodd & Dodd, PLLC and Allen P. Dodd, III's claim to attorney fees from the grandchildren, William Burkett III and Heather Burkett. Wherefore, the third full paragraph of page four (4) of the judgment of July 13, 2004 is amended and shall read as follows:

As to Attorney Dodd's claim for a fee under KRS 412.070, the Court finds that Attorney Dodd's services in securing the Settlement Agreement, Agreed Judgment and probating the 1985 copy benefited the Grandchildren, thus entitling Attorney Dodd to a reasonable fee prior to the distribution of the Estate pursuant to KRS 412.070. The amount to be paid from the Burkett Grandchildren's distribution shall be determined by the Court following simultaneous briefs from all parties affected.

Said briefs shall be submitted no later that April 15, 2005.

In their memorandum regarding the reasonableness of Dodd's attorney fee claim (which the circuit court apparently did not review), Beau and Heather argued that Dodd's conduct constituted misconduct, negating his entitlement to collect any fee from them. Their memorandum includes a list of evidence of Dodd's actions militating against his entitlement to a fee, which we shall reproduce here: [2]

- Dodd consistently advised William Jr. *prior* to the time of the Settlement Agreement that the Burkett Grandchildren had no standing to participate in this case;

- William Jr. advised the Burkett Grandchildren about Dodd's representation that they had *no standing* to participate in the will contest;

- Because of Dodd's advice, William, Jr. did not believe that he was acting on behalf of the Burkett Grandchildren with respect to the underlying will contest against Raisor of the settlement with her;

- Dodd did not inform William Jr. that the Burkett Grandchildren's consent to the settlement would be necessary until *after* the Settlement Agreement had been signed;

- Although he was aware that the Burkett Grandchildren needed to consent

2. Citations to the record omitted.

to the settlement and had not done so, Dodd presented the Agreed Judgment to the Court without disclosing the existence of the Burkett Grandchildren. Dodd similarly failed to disclose the material fact that William Jr. and Raisor had agreed to probate wills which provided a benefit to the Burkett Grandchildren but had altered that benefit without their knowledge or consent.

- Dodd appeared twice before the Probate Court in seeking to probate the copies of William Sr.'s and Dorothy's 1985 Wills. In both instances, Dodd failed to disclose the material facts that William Jr. and Raisor had agreed to a division of the estates which differed from the terms of the Wills, or that the Burkett Grandchildren had not consented to the alteration of their rights as beneficiaries.

- Although the Settlement Agreement and Agreed Judgment negatively impacted the rights of the Burkett Grandchildren, the first occasion in which Dodd attempted to communicate with them did not occur until June 2, 2001 (some three weeks after the Settlement Agreement and Agreed Judgment became effective);

- Following the Burkett Grandchildren's attempt to intervene, Dodd counseled William, Jr. to prepare an affidavit which contained either untrue or unknown facts related to their knowledge and approval of the settlement with Raisor.

- In November, 2001, Dodd, while serving as co-administrator, also urged William Jr. to sign a new settlement agreement with Raisor which would seek to set aside the Agreed Judgment, withdraw the copies of the 1985 Wills from probate, and instead probate Raisor's 1999 Testamentary Instruments.

Furthermore, the grandchildren asserted that William Jr.'s suit was not prosecuted for their benefit and they had to hire a separate attorney to protect their interests as heirs. They suggested that any fee Dodd should be awarded should be determined in relation to the hourly rates for service reflected in the billing records. Heather and Beau pointed out that from February 20, 2001, through May 11, 2001 (the day the Agreed Judgment was entered), Dodd and two other members of his firm logged work totaling $52,285.50. Therefore, Heather and Beau suggested that Dodd be limited to recovering no more than that amount. As Dodd would be receiving approximately $41,000 from William Jr.'s distribution, Beau and Heather would only owe him an additional $11,285.50, at the most.

In support of his claim for fees, Dodd filed the affidavit of expert witness Edmund Pete Karem, a lawyer and former judge. Karem determined that the "percentage of recovery" method would be the appropriate method to determine a reasonable fee, based upon the time and labor required, the risk involved, and the amount of money involved. Based upon those considerations, Karem stated that Dodd's contingency fee contract with William Jr. was reasonable in that other lawyers had turned down the case. As to the grandchildren, Karem recommended applying the "percentage of recovery" method, and stated that 40% of their recovery would be a reasonable fee because of the benefit conferred on them. In his memorandum, Dodd presented arguments similar to those Karem espoused in his affidavit.

On May 13, 2005, the circuit court entered an Order regarding Dodd's attorney fees:

This matter is before the Court on Motion of Dodd & Dodd Attorneys, PLLC ("Dodd") for an award of attorney fees prior to distribution of the Estate herein. In its March 10, 2005 Order, the Court requested the filing of briefs from any interested party as to the amount of fees to be awarded Dodd for its legal services in this action. The Court has received and reviewed memoranda from Dodd and Plaintiff, William Burkett Jr.

The Court has also considered KRS 412.070, the entire record, the factors set forth in SCR 3.130(1.5), the amount, and quality of Dodd's representation, and the results obtained.

IT IS HEREBY ORDERED that attorneys' fees and non-reimbursable expenses in the amount of 50% of any amounts to be distributed to William R. Burkett Jr. from the Estate of William R. Burkett Sr. shall be paid to Dodd & Dodd Attorneys, PLLC pursuant to the contract between these parties.

IT IS FURTHER ORDERED that Dodd & Dodd, PLLC shall be paid 40% of any amounts to be distributed to Heather Burkett and/or William R. Burkett III from the Estate of William R. Burkett Sr.

This is a final and appealable Order, and there is no just cause for delay.

It is from this order that William Jr. and Beau have taken their respective appeals.

*APPEAL NO. 2004–CA–001471–MR*

We shall first address Raisor's appeal from the July 13, 2004, Opinion and Order, which divided the estates in equal thirds to William Jr., Beau, and Heather, with half of William Jr.'s share going to Raisor pursuant to the settlement agreement. Raisor argues that the settlement agreement should be upheld under an ostensible agency theory and based upon mistake. She also asserts that factual issues remain, precluding the entry of summary judgment. Lastly, she argues that the 2001 Agreed Judgment should be set aside and the will contest started anew. The grandchildren, William Jr., and Dodd [3] have each responded by separate briefs.

Dodd properly sets out our standard of review in this particular appeal, which arises from the entry of a summary judgment in favor of the grandchildren.

The standard of review on appeal when a trial court grants a motion for summary judgment is "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." The trial court must view the evidence in the light most favorable to the nonmoving party, and summary judgment should be granted only if it appears impossible that the nonmoving party will be able to produce evidence at trial warranting a judgment in his favor. The moving party bears the initial burden of showing that no genuine issue of material fact exists, and then the burden shifts to the party opposing summary judgment to present "at least some affirmative evidence showing that there is a genuine issue of material fact for trial." The trial court "must examine the evidence, not to decide any issue of fact, but to discover if a real issue exists." . . . .

3. Dodd spends a considerable portion of his brief arguing that the grandchildren cannot take the benefits of the results of the Agreement and Agreed Judgment (effectuating the probate of the 1985 will copies) without also accepting the liabilities, namely, the payment of attorney fees. We need not address this issue in this portion of the opinion as it will be addressed in the later appeal concerning whether the grandchildren owe Dodd attorney fees on their proceeds from the estates.

Because summary judgment involves only legal questions and the existence of any disputed material issues of fact, an appellate court need not defer to the trial court's decision and will review the issue de novo. [Citations in footnotes omitted.][4]

Raisor argues that the circuit court improperly decided a disputed factual issue, namely, whether the grandchildren were parties to the Agreement and Agreed Judgment. She follows up that point with the related questions as to whether the grandchildren knew what William Jr. was doing vis-à-vis the litigation and whether William Jr. was acting as their ostensible agent.

We disagree with Raisor's assertion that any disputed factual issues exist as to the matters she raised in her brief. The record is quite clear that the grandchildren were not named in the Agreement or the Agreed Judgment, and were certainly not named parties in the lawsuit. It is also clear that the circuit court did not make any factual findings regarding what knowledge the grandchildren possessed at the time the lawsuit was pending and the negotiations were completed. The circuit court's Opinion and Order simply ruled on the legal questions as to the proper enforcement of the settlement reached between William Jr. and Raisor.

Raisor's main argument is that the Agreement should be enforced according to its express terms, which provided that the entirety of the estates would be equally split between her and William Jr. She asserts that William Jr. was the ostensible agent of Beau and Heather, or that there was a mistake on the parts of William Jr. and the grandchildren, which should not result in what she termed a reformation of the agreement.

First, we do not agree with Raisor's assertion that there existed an ostensible agency relationship between William Jr. and the grandchildren. If this were the case, then Dodd would not have needed or requested that they execute and return the Special Power of Attorney and Irrevocable Assignment forms. Furthermore, the grandchildren were not even mentioned in either the Agreement or the Agreed Judgment. We also recognize that in the prior opinion, an earlier panel of this Court specifically stated that the grandchildren's interests required express consideration by William Jr. and Raisor.

We also disagree that a "mistake" between William Jr. and the grandchildren would somehow invalidate what the circuit court did to effectuate the terms of the settlement agreement. In this matter, any mistake would have been a mistake of law as to the interaction of the settlement agreement and the probate of the 1985 wills. Kentucky law is clear that only a mistake of fact will affect the enforceability of a contract, not a mistake of law.[5]

We hold that the circuit court properly ruled that the grandchildren's rights are governed under the 1985 wills and that the settlement agreement was only enforceable as between Raisor and William Jr., who were the only parties to the lawsuit and the agreement. The settlement agreement cannot be enforceable as against the grandchildren as they were not parties to the agreement, nor did they give their consent to its terms as affecting their rights. "[O]ne cannot be bound by a contract to which he was not a party, nor by uncommunicated terms without his con-

---

4. *Lewis v. B & R Corporation,* 56 S.W.3d 432, 436 (Ky.App.2001).

5. *Murphy v. Torstrick,* 309 S.W.2d 767, 770 (Ky.1958); *Sadler v. Carpenter,* 251 S.W.2d 840, 842 (Ky.1952).

sent." [6] What the circuit court accomplished in its Opinion and Order was to give effect to the settlement agreement and at the same time protect the rights of the grandchildren, which is the only proper result in this case. Once the 1985 wills were probated pursuant to the Agreed Judgment, the grandchildren automatically received a one-third share each under the provisions of the wills, with the remaining one-third share going to William Jr. While this was obviously not the desired result of William Jr. and Raisor's agreement, and one that Dodd attempted to unsuccessfully "fix" after the fact, it nevertheless is the only result that must prevail. The circuit court was able to also give effect to the settlement agreement by ruling that William's share would be split equally with Raisor. We disagree with Raisor's argument that this is an unjust result, as both he and Raisor assumed the risk that the grandchildren would accept the alternative distribution scheme, thereby reducing to nothing their rightful shares as heirs under the 1985 wills. Furthermore, there were other avenues she and William Jr. could have taken, such as probating the 1999 testamentary instrument and splitting the resulting estate between them.

■ Finally, we shall address Raisor's request that the Agreed Judgment be vacated pursuant to CR 60.02, that the order of the district court probating the 1985 Wills be set aside, and that the case be started anew. Raiser asserts that this would be "the fairest way to proceed." Both Dodd and the grandchildren argue

that relief under CR 60.02(a), (b), or (c) is inappropriate, as such relief is barred by the one-year statute of limitations, and the other provisions do not apply.

We agree with Dodd and the grandchildren that Raisor's prayer for relief pursuant to CR 60.02 must fail. Raisor relies upon CR 60.02(e) and (f) to support this argument. She argues under (e) that "it is no longer equitable that the judgment should have prospective application[,]" and under (f) that she is entitled to relief for "any other reason of an extraordinary nature justifying relief."

Both Dodd and the grandchildren direct our attention to *Alliant Hospitals, Inc. v. Benham*,[7] which addresses the application of those two subsections of CR 60.02:

> Subsection (e) is inapplicable, we believe, because a simple judgment for money damages, even one not yet enforced, does not have "prospective application." The federal courts, whose rule in this regard is like ours, have reserved that phrase for judgments, such as those granting an injunction, that "involve the supervision of changing conduct or conditions and are thus provisional and tentative." [8] A money judgment, by contrast, closes the book on a past wrong and leaves the court with no further involvement. We find this federal precedent persuasive and consistent with what little Kentucky precedent there seems to be.[9]
>
> Subsection (f) of CR 60.02, the catchall provision, can apply only if none of

---

6. *Harlan Public Service Co. v. Eastern Constr. Co.*, 254 Ky. 135, 71 S.W.2d 24, 29 (Ky.1934).

7. 105 S.W.3d 473, 478 (Ky.App.2003).

8. *Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1139 (D.C.Cir.1988) (quoting from *United States v. Swift and Company*, 286 U.S. 106, 52 S.Ct. 460, 76 L.Ed. 999 (1932));

*DeWeerth v. Baldinger*, 38 F.3d 1266 (2nd Cir.1994). (Footnote 13 in original.)

9. *See Cawood v. Cawood*, Ky., 329 S.W.2d 569 (1959) (Although this case suggests that an unsatisfied money judgment might be deemed to have prospective application, it holds only that a satisfied money judgment does not have such application.). (Footnote 14 in original.)

that rule's specific provisions applies.[10] We are persuaded that one of the specific provisions does apply, and thus that subsection (f) does not.

Based upon the holding in *Benham,* Raisor is not entitled to seek relief under either section, as her claim should have arisen under CR 60.02(a) for mistake, although it is not likely she would have succeeded.

For the foregoing reasons, we hold that the circuit court did not commit any error in granting the grandchildren's motion for summary judgment, or in enforcing the settlement agreement as between William Jr. and Raisor, only. The circuit court's July 13, 2004, Opinion and Order is affirmed in this regard.

*APPEAL NO. 2005–CA–00001171–MR AND NO. 2005–CA–001212–MR*

Next, we shall address William Jr.'s and Beau's respective appeals from the circuit court's order awarding Dodd attorney fees. They are both proceeding pro se. William Jr. argues that Dodd failed to perform under the contingency fee contract, while Beau argues that Dodd's actions were to his (Beau's) detriment. Beau also points out that the circuit court apparently did not review his former counsel's memorandum regarding the reasonableness of the fee owed, if any. On the other hand, Dodd argues that his services benefited Beau in that the only way Beau could recover was through the probate of the 1985 wills, which was the result Dodd secured. He asserts that he is entitled to a reasonable fee from Beau, and to the contracted for fee pursuant to the agreement he entered into with William Jr. Furthermore, Dodd points out that Heather did not appeal the circuit court's ruling, as Beau did, so that the judgment is final as to her.

■ At the outset, we agree with Dodd's contention that the judgment is final as to Heather. Neither Beau nor Heather had counsel when Beau filed his notice of appeal. And while they had always proceeded together under the representation of an attorney, Beau, who is not an attorney, may not proceed on his sister's behalf. He may only proceed on his own behalf. Heather must either represent herself, or be represented by a duly licensed attorney. In this case, Heather did not appeal from the circuit court's ruling on attorney fees. Therefore, the May 13, 2005, Order is final as to her.

Furthermore, we agree with Dodd that we shall review this ruling under an abuse of discretion standard.[11]

■ We shall only briefly address the issue William Jr. raises in his appeal that Dodd is not entitled to 50% of the amount distributed to him from the estates. While a 50% contingency fee does appear at first blush to be rather high, William Jr. nevertheless entered into the contract with Dodd, and Dodd certainly performed work on William Jr.'s behalf pursuant to the contract. And William Jr. obtained a recovery, albeit less than what he expected. We perceive no reason why the contract between William Jr. and Dodd should not be enforced.

■ Next we shall address the more difficult issue as to whether Beau should have to pay Dodd 40% of his share as attorney fees. Dodd relies upon KRS 412.070 as well as cases regarding will contests to support his proposition that he is entitled to receive a fee due to his efforts in obtaining a common fund, which benefited Beau.

---

10. *Commonwealth v. Spaulding,* Ky., 991 S.W.2d 651 (1999). (Footnote 15 in original.)

11. *King v. Grecco,* 111 S.W.3d 877 (Ky.App. 2002). *See also* 20 Am.Jur.2d *Costs* § 65 (2005).

KRS 412.070(1) provides, in relevant part, as follows:

> In actions for the settlement of estates, ... if one (1) or more of the legatees, devisees, distributes or parties in interest has prosecuted for the benefit of others interested with him, and has been to trouble and expense in that connection, the court shall allow him his necessary expenses, and his attorney reasonable compensation for his services, in addition to costs.

The circuit court, and Dodd, also relied upon several cases dealing with will contests. While this case concerns the settling of estates, it does not have anything to do with contesting a probated will. Rather, it is a declaratory action seeking to invalidate a 1999 trust agreement prior to any testamentary instrument being admitted to probate. Therefore, these cases have no bearing on the matter at hand. For instance, *Clark v. Pepper's Adm'r*[12] concerns the contest of a will that had been admitted to probate. The former Court of Appeals stated:

> A trust fund in equity was always required to bear the expenses of its administration, and, when one of several owners at his own expense recovered a trust fund, he was always allowed his necessary expenses out of what he brought back.[13]

The present case, however, is a declaratory action seeking to invalidate a 1999 instrument prior to the settling of the estates. Furthermore, the estates are not in the position of having to be defended as all of the litigation took place prior to the admission to probate of the 1985 wills.

In our review of this case, we agree with Beau that the circuit court properly denied Dodd's motion for attorney fees in the initial order. Dodd did not perform any services for Beau, and it appears that it was unintentional on Dodd's part that Beau benefited at all from the terms of the settlement agreement. It is clear from the record that William Jr. prosecuted this action solely for his own benefit, as evidenced by the power of attorney and irrevocable assignment forms Dodd requested that Beau and Heather sign after the settlement agreement had been signed and the agreed order had been entered. Through those documents, William Jr. and Dodd were attempting to obtain Beau and Heather's distributions and cut them out of the wills. We do not agree with Dodd that his actions after the settlement agreement was entered have no bearing on this case; to the contrary, his actions reveal that he worked diligently, and to their detriment, to negate their rights to inherit under the wills. Heather and Beau were even forced to retain their own counsel to protect their interests in light of Dodd's actions. For this reason, we cannot hold that the lawsuit was prosecuted for the benefit of anyone other than William Jr., and was specifically not prosecuted for the benefit of Beau or Heather. Any benefit conferred on them was not intentional, as they were purely unintended beneficiaries of the 1985 Wills.

Therefore, we must reverse the portions of the circuit court's March 10 and May 13, 2005, orders awarding attorney fees to Dodd on Beau's distribution from the estates. As we held previously, the rulings are final as to Heather, as she unfortunately failed to prosecute an appeal in her own name.

For the foregoing reasons, the Jefferson Circuit Court's July 13, 2004, Opinion and Order is affirmed in all respects, except as to the portion denying the payment of

---

12. 132 Ky. 192, 116 S.W. 353 (1909).

13. *Id.* at 355.

attorney fees from Heather's distribution, while the March 10 and May 13, 2005, rulings are affirmed in part and reversed in part, and this matter is remanded for further proceedings consistent with this opinion.

ALL CONCUR.