# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### January 19, 2011 Session

## TERRY LAKE AND LINDA OUSLEY
## V.
## LOUIS HAYNES, BARBARA HAYNES AND RUNNING BEAR CONSTRUCTION

**An Appeal from the Circuit Court for Shelby County**
**No. CT-00220905    Charles O. McPherson, Special Judge**

_____

**No. W2010-00294-COA-R3-CV - Filed June 9, 2011**

_____

This is a construction case. The plaintiffs hired the defendant construction company to build two residential houses. Disputes arose during construction over completion of the work and the plaintiffs did not make some payments to the construction company. After the plaintiffs terminated the contract, they sued the defendant construction company. The construction company filed a counter-complaint. After a trial, the trial court dismissed the plaintiffs' complaint and the defendants' counter-complaint. However, the trial court failed to issue written findings of fact and conclusions of law as required under Rule 52.01 of the Tennessee Rules of Civil Procedure. We vacate the trial court's judgment and remand the cause to the trial court for written findings of fact and conclusions of law.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the
Circuit Court Vacated and Remanded**

HOLLY M. KIRBY, J., delivered the Opinion of the Court, in which DAVID R. FARMER, J., and J. STEVEN STAFFORD, J., joined.

Scott A. Frick, the Frick Law Firm, PLLC, Memphis, Tennessee, for Plaintiff/Appellees, Terry Lake and Linda Ousley

Stephen F. Libby, The Law Offices of Stephen F. Libby, Memphis, Tennessee, for Defendant/Appellants, Louis Haynes, Barbara Haynes, and Running Bear Construction

# OPINION

## FACTS AND PROCEEDINGS BELOW

In 1998, Plaintiff/Appellees Terry Lake ("Lake") and Linda Ousley ("Ousley") (collectively "Plaintiffs"), hired Defendant/Appellants Louis E. Haynes, Barbara Haynes ("the Haynes") and their jointly-owned partnership, Defendant/Appellant Running Bear Construction ("Running Bear"), under two separate contracts to construct two residential homes. Under the contracts, construction was to begin ten days after receipt of the notice to proceed from the Plaintiffs' lenders. The contracts stated that Running Bear was to "achieve substantial completion" on each home within 180 days of beginning construction.

Alas, it was not to be. After construction got underway, numerous disputes arose over the quality of the construction, change orders, additions to the original construction, and delays in completion. These disputes were accompanied by delays in payment to Running Bear; the parties disagree over whether the payment delays were caused by Lake and Ousley or their lenders. Finally, the Plaintiffs terminated the services of Running Bear and hired other contractors to complete the construction.

Litigation was initiated in 2000 when the Haynes, d/b/a Running Bear, filed a lawsuit against Lake and Ousley in the Shelby County Circuit Court, alleging breach of contract. Lake and Ousley filed an answer and counter-complaint. Eventually, in 2005, this litigation was dismissed without prejudice for lack of prosecution.

On April 21, 2005, Lake and Ousley filed the instant lawsuit[1] against the Haynes and Running Bear in the trial court below. The complaint alleged breach of the contracts for the construction of the Plaintiffs' homes. The complaint asserted that the construction was not timely completed, was not performed in a workmanlike manner, and did not comply with either the applicable building codes or the agreed-upon plans and specifications. The Plaintiffs claimed that they placed Running Bear on notice of the alleged breaches, to no avail. Ultimately, the complaint averred, the Plaintiffs were forced to get extensions on their construction loans, and on March 11, 1999, sent letters to Running Bear halting any further work. Other contractors were hired to complete the construction of the homes. The Plaintiffs' complaint sought monetary damages of no less than $25,000.

The Haynes and Running Bear filed an answer and counter-complaint, denying that they were in breach of the construction contracts. Instead, they alleged, Lake and Ousley were

---

[1]The second lawsuit was filed pursuant to Tennessee's savings statute, Tenn. Code Ann. § 28-1-105 (2000).

the first to materially breach the contracts. The answers asserted the affirmative defense of laches, failure of consideration, waiver, setoff, estoppel, failure to state a claim, and lack of subject matter jurisdiction.

The counter-complaint alleged that Running Bear was wrongfully terminated under the contracts, and that Lake and Ousley refused to pay Running Bear a total of $27,265, pursuant to the contracts. The counter-complaint averred that Lake owed Running Bear $47,148.11 and Ousley owed Running Bear $45,529.84, including prejudgment interest, as damages for breach of contract, and sought damages in the same amounts for unjust enrichment. Under the contracts, Running Bear also requested an award of attorney fees. Discovery ensued.

The matter was tried over three non-consecutive days on January 14 and 15, 2009, and December 17, 2009, before the Honorable Charles O. McPherson.[2] Lake and Ousley put on their proof over the course of three days, with over twenty exhibits and three witnesses. The witnesses testified about numerous areas in which the construction was allegedly substandard, the parties' conversations and oral understandings, how many days of bad weather there were during the construction, agreements on change orders and payment schedules, and the like. The Plaintiffs proffered the testimony of an expert on the issue of damages, but the trial judge disallowed the expert's testimony.

At the conclusion of the proof submitted by Lake and Ousley, the defendants Haynes and Running Bear made an oral motion to dismiss. The trial court ruled:

> THE COURT: Well I'm – the Court would have to find this contract was breached and that [Running Bear] failed to properly construct the contract, but there's no damages that have been properly proved so I don't have any alternative but to grant the motion for judgment for [Running Bear] for lack of evidence on the damages incurred that have been properly proved under the Rules of Evidence.

At that point, the trial court directed counsel for Running Bear to draft a judgment. The following colloquy then occurred:

> MR. LIBBY [representing Defendants]: We have a counter-complaint.

---

[2]The case was originally assigned to Judge McPherson, sitting as Special Judge after the death of Judge Rita Stotts. After the first two days of trial before Judge McPherson, the case was continued, apparently to permit the Plaintiffs to obtain an expert on damages. After the election to replace Judge Stotts, the case was assigned to Judge Lori Ridder. However, to keep from re-trying the entire case, it was reassigned to Judge McPherson, who by then was sitting as Special Judge after the retirement of Judge D'Army Bailey.

THE COURT: I'm sorry?

MR. LIBBY: There's a counter-complaint in this cause which ----

THE COURT: I thought you agreed to dismiss that at the last hearing?

MR. LIBBY: Oh, no that was actually – that was the reason they [Plaintiffs] couldn't non-suit it at the last hearing was because we [Running Bear] had a counter-complaint. [Running Bear] was terminated and maintained he still – I'm sorry, I didn't know you were – he was terminated and still had – is entitled to damages under the contract.

MR. FRICK [representing Plaintiffs]: Your Honor, if I could, the Court's found [Running Bear] breached the contract, so [if] he's breached the contract he can't recover on the same —

MR. LIBBY: I don't —

THE COURT: Whatever damages I found that [Running Bear] did not build these houses like he was required to do under the contract based on the evidence that has been presented. I cannot award judgment for damages because the damages have not been properly proved, but I can award a judgment that he did, in fact, breach the contract and he therefore is not entitled to damages.

MR. LIBBY: Aren't we entitled to put on our proof? We haven't – we've never – we haven't even put on our case of the breach of contract. All we've being doing so far is just defending.

THE COURT: All right, gentlemen, bring him around.

MR. LIBBY: Your Honor, would you like to break for lunch?

THE COURT: No, I'm getting rid of this thing once and for all.

The trial court then allowed Running Bear to put on its proof on the counter-complaint. The proof consisted of Mr. Haynes' testimony and several exhibits, seeking damages for the Plaintiffs' failure to pay under the contracts and also for unjust enrichment. Mr. Haynes testified about his dealings with the Plaintiffs, the agreements on changes and additions to the construction, the bad weather they encountered, the delays in payment, the failure to give him the opportunity to cure, and the amount he was due for the work that Running Bear did.

At the conclusion of Running Bear's proof, the trial court issued the following oral ruling:

Gentlemen, the Court has reviewed every bit of this evidence . . . and I even went through this transcript today, and to say that that work was done properly from looking at those photographs and there's no way I can find that the work was properly completed. So I'm going to grant a judgment on the counter-complaint to the counter-Defendant and the judgment on the original complaint to the Defendant.

-4-

Thus, under the oral ruling, neither party would recover from the other. Several weeks later, on January 12, 2010, the trial court entered a written order. The order stated in its entirety:

> This matter came on to be heard on the 17th day of December, 2009 following the initiation of the trial on January 14-15, 2009, live testimony of the plaintiff, Dr. Terry Lake and Linda Ousley, the proffered testimony of Eric Tabor, the testimony of the Defendant, Louis Haynes, exhibits introduced and the record as a whole from all of which the Court finds as follows:
>
> > 1. The Plaintiffs' Complaint is hereby dismissed with prejudice.
> > 2. The Defendants' Counter complaint is hereby dismissed with prejudice.
> > 3. The Court awards the Defendant the costs related to the deposition and partial transcript of Eric Tabor. Alternatively, Plaintiffs may paid [sic] said charges directly to the court reporter, Julia Hargrove.
> > 4. The costs related to Plaintiffs' Complaint are hereby assessed against the Plaintiffs.
> > 5. The costs related to the Defendant's Counter complaint are hereby assessed against the Defendant.
>
> ALL OF THE ABOVE IS HEREBY ORDERED, ADJUDGED AND DECREED.

The Haynes and Running Bear now appeal.

## ISSUES ON APPEAL AND STANDARD OF REVIEW

On appeal, Defendants the Haynes and Running Bear raise several issues:

> I. Whether the Appellees waived the requirement that Appellant complete his work within the 180 days referenced in the construction contract where Appellees knowingly allowed Appellant to continue work after the contractually defined time had elapsed
>
> II. Whether Appellees committed the first uncured material breach of the subject contract by their failure to give Appellant Haynes notice of and an opportunity to cure any alleged deficiencies in his work before repudiating the contract
>
> III. Whether Appellees further committed the first uncured material breach of contract when they terminated Appellant in violation of the

contract's termination requirements which required Appellees to obtain a certification from the architect that sufficient grounds existed to justify termination of the contractor and where Appellees failed to provide 7 days written notice of their intent to terminate the contractor, each as required by the parties' contract

IV. In the alternative, whther [sic] the evidence preponderates in favor of finding that Appellees commited [sic] the first uncured material breach of contract where it wrongfully terminated the Appellant contractor and where there was an absence of evidence that Appellant's work violated any applicable building codes

V. Whether the trial court erred in failing to award Appellant a monetary judgment for its loss of unpaid contract balances anticipated profit on the job due to Appellees' breach of contract

On cross-appeal, Plaintiffs Lake and Ousley raise additional issues:

I. Whether the Appellant breached the contracts for the construction of the Appellees' houses by performing defective construction.

II. Whether the Appellant breached the contracts for the construction of the Appellees' houses by failing to complete construction of the houses within the 180 day time period required by the contracts.

III. Whether the trial court erred in excluding proof of Appellees' costs to complete and correct defective and incomplete work performed by the Appellant.

On appeal from a bench trial, we review the case *de novo* upon the record with a presumption that the trial court's findings of fact are correct, unless the evidence preponderates otherwise. TENN. R. APP. P. 13(d); *Campbell v. Florida Steel Corp.*, 919 S.W.2d 26, 35 (Tenn. 1996). The trial court's legal conclusions are reviewed *de novo* with no presumption of correctness. *Campbell*, 919 S.W.2d at 35. Insofar as the trial court's finding was based on its credibility determinations, we accord those determinations great weight on appeal. *Cornelius v. DCS*, 214 S.W.3d 906, 907 (Tenn. Ct. App. 2009).

The trial court is afforded wide discretion in the admission or rejection of evidence, and the trial court's action will be reversed on appeal only when there is a showing of an abuse of discretion. *Otis v. Cambridge Mut. Fire Ins. Co.*, 850 S.W.3d 439, 44 (Tenn. 1992); *Davis v. Hall*, 920 S.W.3d 213, 217 (Tenn. Ct. App. 1995).

**ANALYSIS**

On appeal, both parties raise substantial issues that require a detailed review of the trial court's findings. Upon the Court's review of the record, however, we find neither findings of fact nor conclusions of law by the trial court in this matter.

Rule 52.01 of the Tennessee Rules of Civil Procedure, as amended effective July 1, 2009, provides as follows:

> *In all actions tried upon the facts without a jury, the court shall find the facts specially and shall state separately its conclusions of law* and direct the entry of the appropriate judgment. The findings of a master, to the extent that the court adopts them, shall be considered as the findings of the court. If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact and conclusions of law appear therein. Findings of fact and conclusions of law are unnecessary on decisions of motions under Rule 12 or 56 or any other motion except as provided in Rules 41.02 and 65.04(6).

TENN. R. CIV. P. 52.01 (emphasis added). Thus, as we have noted previously, "Rule 52.01 of the Tennessee Rules of Civil Procedure, as amended, requires trial courts to issue findings of fact and conclusions of law in all actions tried upon the facts without a jury." *Clement Homes, Inc. v. Chilcutt*, No. W2009-02277-COA-R3-CV, 2010 WL 2812574, at *2 (Tenn. Ct. App. Jul. 16, 2010 (citing TENN. R. CIV. P. 52.01). The amendment to Rule 52.01, making the issuance of findings of fact and conclusions of law mandatory, became effective on July 1, 2009. *Clement Homes, Inc.*, 2010 WL 2812574, at *2. As the trial court issued its order in this case on January 12, 2010, the mandate in Rule 52.01, as amended, was applicable.

Even if the amendment to Rule 52.01 were not applicable to the trial court's decision, we would have little choice but to remand the case for findings of fact and conclusions of law.[3] Specific findings of fact are of particular importance in a construction case such as this. In general, construction cases rarely lend themselves to a global finding that one party or the other was entirely at fault; frequently the quality of the construction may be in compliance with the applicable standards in some respects but not in others, and the oral communications over the course of the construction can lead to an array of misunderstandings and differing accounts of events. This case is no exception. Appellate review demands a detailed examination of the trial court's findings as to each specific item or event that the parties

---

[3]We note that, when the parties began trying this case in January 2009, specific findings of fact and conclusions of law were required under Rule 52.01 only if requested.

dispute. That is not possible in the absence of specific findings of fact and conclusions of law by the trial court.

However, tempting it may be to enter a cursory order without findings of fact and conclusions of law in order to "get[] rid of this thing," Rule 52.01 mandates such findings. Moreover, they are necessary to give the parties the resolution they need. We have little choice but to vacate the trial court's judgment and remand the case with instructions to issue detailed findings of fact and conclusions of law as to both the complaint and the counter-complaint in this cause.

## CONCLUSION

The decision of the trial court is vacated and the cause is remanded with directions to enter a final judgment in compliance with Rule 52.01 of the Tennessee Rules of Civil Procedure. Cost on appeal shall be taxed one-half to Appellants Louis Haynes, Barbara Haynes, and Running Bear Construction and their sureties, and one-half to Appellees Terry Lake and Linda Ousley, for which execution may issue, if necessary.

_____
HOLLY M. KIRBY, JUDGE